HON. JOSEPH A. FISCHETTE General Counsel, Rochester-Monroe County Port Authority
This is in response to your letter wherein you ask for an opinion of the Attorney General whether or not a member of the Rochester-Monroe County Port Authority who, pursuant to provisions of Public Authorities Law, § 1349-d, is appointed to membership on said Authority, as a resident of the City of Rochester to represent said City on the Authority, and during his term of office moves into one of the towns in Monroe County, forfeits his office or may he continue as such member for the balance of his term. You also ask if the appointing Authority fails to make an appointment upon the expiration of a member's term, does a member's term continue until his successor is appointed or does the term expire and the position become immediately vacated.
The Rochester-Monroe County Port Authority was added by chapter 806 of the Laws of 1958, effective April 16, 1958, as Title 3, sections 1375 to 1399 of Article 6 of the Public Authorities Law. Laws of 1960, chapter 870, section 1, renumbered former Title 3 to Title 1-A, sections 1349-a to 1349-z, effective April 28, 1960.
Public Authorities Law, § 1349-c, contained in said Title 1-A, created and established the Rochester-Monroe County Port District, embracing the County of Monroe, including all lands and water under and in the Genesee River and Lake Ontario within the boundaries of the County of Monroe, excepting certain lands and facilities under the control of the County of Monroe, the State of New York and the United States.
Public Authorities Law, § 1349-d, created the Rochester-Monroe County Port Authority as a body corporate and politic constituting a public benefit corporation, consisting of five members all of whom shall be residents of the County of Monroe, two of whom shall be residents of the City of Rochester. The members representing the County of Monroe are appointed by the Chairman of the Board of Supervisors and the members representing the City of Rochester are appointed by the Mayor of said City. The section specifically provides that:
 "* * * Upon the expiration of the term of a member, a successor shall be appointed by the mayor or chairman of the board of supervisors, as the case may be, for a term expiring five years after the expiration of the term of his predecessor. * * *"
Pursuant to provisions of Public Authorities Law, § 1349-e, the Authority is empowered, inter alia:
 "The authority shall have power over the survey, development and operation of port facilities in such port district as hereinafter more specifically set forth, and the coordination of the same with existing or future agencies of transportation with a view to the increase and efficiency of all such facilities and the furtherance of commerce and industries in the district. * * * The authority also shall have power to:
"(1) Sue and be sued.
* * *
 "(5) Determine upon the location, type, size and construction of requisite port facilities, subject, however, to the approval of any department, commission or official of the United States of America or the state of New York where federal or state statute or regulation requires it.
* * *
 "(8) Make contracts and leases and to execute all instruments necessary or convenient.
 "(9) Issue negotiable bonds within the provisions and limitations of this title and to provide for the rights of the holders thereof.
 "(10) Issue notes within the provisions and limitations of this act.
 "(11) Fix fees, rates, rentals or other charges for the purpose of all port facilities owned by the authority and collect such fees, rates, rentals and other charges for such facilities owned by the authority * * *"
As a general rule, the "duties of a public official involve some exercise of the sovereign — those of public employees do not. The one has independent official status; the other has rights under a contract of employment." (People ex rel. Dawson v. Knox,231 App. Div. 490 [3d Dept., 1931], affd. 267 N.Y. 565.)
It is apparent from the powers imposed upon the Rochester-Monroe County Port Authority that each of its members exercise some of the sovereign power.
A member of the Rochester-Monroe County Port Authority is a local officer within the purview of Public Officers Law, § 2, which provides, in part:
 "* * * The term `local officer' includes every other officer who is elected by the electors of a portion only of the state, every officer of a political subdivision or municipal corporation of the state, and every officer limited in the execution of his official functions to a portion only of the state. * * *" (Emphasis supplied.)
Public Officers Law, § 30, provides, in part:
 "1. Every office shall be vacant upon the happening of one of the following events before the expiration of the term thereof:
* * *
 "d. His ceasing to be an inhabitant of the state, or if he be a local officer, of the political subdivision, or municipal corporation of which he is required to be a resident when chosen * * *."
Public Officers Law,, § 5, provides, in part:
 "Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. * * * An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only."
From all of the foregoing, we conclude that a member of the Rochester-Monroe County Port Authority appointed by the Mayor of the City of Rochester, as a resident to represent said City on said Authority, forfeits his office immediately by changing his residence from the City of Rochester to one of the towns within Monroe County. However, where a member's term expires and the appointing officer fails to appoint a successor, such member ifotherwise qualified shall continue as a member of the Authority until his successor is appointed in accordance with Public Officers Law, § 5.