In the Matter of CLARENCE W. CHASE et al., Respondents, against ALEXANDER A. FALK et al., Constituting the Civil Service Commission of the State of New York, Appellants.— Appeal from an order of a Special Term, Supreme Court, Albany County. The court at Special Term has annulled a decision of the State Civil Service Commission determining that the position of Director of Probation of Broome County is in the classified civil service; and the court has directed that the position be placed by the Commission in the unclassified service. The position of County Director of Probation is set up by section 938-b of the Code of Criminal Procedure under which probation services in a county may be merged and consolidated by the Board of Supervisors under a department of probation. Certain judicial officers functioning in the county appoint the director and approve appointments of other officers and employees. The section providing for consolidation of probation services is silent on the civil service status of any of the officers or employees of the county department; but section 928 of the code, which

deals with the appointment and qualifications of "probation officers", requires that "all" probation officers except those serving voluntarily without salary "shall be in the competitive class of the civil service". When these two sections are read together it seems probable that the director of probation in a county is a "probation officer". In any case the view taken by the State Civil Service Commission that he is a "probation officer" is not arbitrary and is not unreasonable. The State Director of Probation is in the competitive class of the civil service (Correction Law, § 14) and the duties of the Broome County Director, as defined by the appointing Judges, are essentially the duties of a "probation officer". But if the code provisions did not mandate the inclusion of the County Director within the classified service, such a mandate would be found in section 9 of the Civil Service Law, the omnibus provisions of which are that "all positions" shall be in the classified service except those described there as being in the unclassified service. One such unclassified position is the head of a "department of the government", and the question on appeal, as petitioners see it, is whether the director is the head of "a department of the government". When the context of section 9 is read it will be seen that "the government" means the State government; and "a department" means an administrative department. By analogy "the government" may in some circumstances be applied to a local government. This depends on the local administrative structure. The naked use of the word "department" in a local government would not necessarily or always describe a "department of the government" as that term is uesd in the statutory context. But in either State or local government, this term would refer to an administrative department and not an agency of the judicial function. Order reversed and determination confirmed, without costs. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., concur.