William L. Burke, Esq. County Attorney, Madison County
You have asked whether the director of probation and his deputies come within the purview of section 400 (5) of the County Law, which requires the filing of an oath of office with the county clerk. Essentially, this requires a determination of whether such probation personnel are public officers rather than employees.
In the Matter of New York Post Corporation v Moses, 12 A.D.2d 243, 250
(1961), the First Department in defining a public office stated "that the functions and duties of the office [must] concern and affect the public, with such duties involving some portion of the sovereign power." InHaller v Carlson, 42 A.D.2d 829 (1973), the Fourth Department said that the "indicia of a public officer, as opposed to an employee, are to be found in the nature of the office, the functions and duties performed * * * `The duties of a public official involve some exercise of sovereign power * * *'". Therefore, if the probation director and his deputies exercise some of the sovereign power and this is in the nature of the office, they are public officers.
Article 12 of the Executive Law creates a division of probation and a director thereof (§ 240) who supervises the administration of probation throughout the State (§ 241). The director "shall endeavor to secure the effective application of the probation system and the enforcement of the probation laws" (§ 243).
Article 12A of the Executive Law requires counties to set up probation agencies to be administered locally under the aegis of the State director (§ 256). These county probation agencies are to "perform probation services therein" (§ 256[1]). An agency established under this section must have a director of probation and may have deputies (§ 256 [4]). The power of the office is obviously vested in the person who exercises it — the director. If there are deputies, they are authorized to have the same power as the director in his absence or inability to act (County Law, § 401).
Clearly, then, the probation director and his deputies in each county have been vested with the power to enforce the State probation laws. They are, therefore, public officers because "* * * the functions and duties directly affect the citizens of the [county] and involve the exercise of the police powers of a political subdivision" (Haller v Carlson, supra,
at 830).
Since public officers, under section 10 of the Public Officers Law, must take and file an oath of office, the County of Madison should have the director of probation and his deputies file oaths in the County Clerk's office. These oaths are not, however, controlled by section 400
(5) of the County Law in the usual sense. A probation director and his deputies are in the competitive class of the civil service (Executive Law, § 257; see Chase v Falk, 8 A.D.2d 655 [3d Dept, 1959], affd7 N.Y.2d 817). They have no term of office and do not have to file successive oaths as do most appointive county officers. (See 1976 Op Atty Gen 336.)