■ In the Matter of RALPH B. HALLER, Appellant, v. ARTHUR D. CARLSON, JR., as Supervisor of the Town of Ellicott, Respondent.— Judgment unanimously affirmed, without costs. Memorandum: The sole issue presented on this appeal is whether the position of Building Inspector is a public office within the meaning of the Public Officers Law. In February, 1969 petitioner was appointed Building Inspector for the Town of Ellicott. In March, 1972 the Town Board passed a resolution declaring the position of Building Inspector vacant on the ground that section 3 of the Public Officers Law requires that the Building Inspector be a resident of the town, and Haller was not a resident. The indicia of a public officer, as opposed to an employee, are to be found in the nature of the office, the functions and duties performed, and the tenure of the occupant. In Mechem, Public Officers (vol. 1., pp. 1–2) a public office is defined as: "the right, authority, and duty created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." (See, also, *Matter of Dawson v. Knox*, 231 App. Div. 490, 492): "The duties of a public official involve some exercise of sovereign power — those of a public employee do not. The one has independent official status; the other has rights under a contract of employment." The zoning ordinance of the Town of Ellicott provides that the Building Inspector "shall be charged with the general and executive administration of this ordinance." It refers to the Building Inspector as an "officer." Under section 138 of the Town Law, the Building Inspectors are vested with responsibility

for the enforcement of certain codes, ordinances, rules and regulations of a town. Section 2 of the Public Officers Law, as applicable here, defines a "local officer" as "every officer of a political subdivision or municipal corporation of the state". The Building Inspector of the Town of Ellicott is an "officer" since the statute creating the position gives him the power of "general and executive administration" of the zoning ordinance and section 138 of the Town Law gives him the power of enforcement of various codes, ordinances, rules and regulations. His functions and duties directly affect the citizens of the town and involve the exercise of the police powers of a political subdivision. The designation of the Building Inspector as an "officer" by the zoning ordinance of the Town of Ellicott is also some indication that the town intended to treat him as an officer rather than an employee (see *Matter of MacDonald* v. *Ordway*, 219 N. Y. 328). (Appeal from judgment of Chautauqua Special Term in article 78 proceeding.) Present — Goldman, P. J., Del Vecchio, Moule, Cardamone and Simons, JJ.