Hon. Donald R. Becker Town Attorney, Newburgh (Town)
This is in response to your letter wherein you inquire into the status of a member of a town's board of assessment review. You ask whether such a member is regarded as a public officer and, if so, whether it is required that he be a resident of the town for which he serves.
Whether or not a person is a public officer depends on several factors. The indicia of a public officer, as opposed to an employee, are to be found in the nature of the officer, as opposed to an employee, are to be found in the nature of the office, the functions and duties performed and the tenure of the occupant. (Matter of Haller v Carlson, 42 A.D.2d 829
[4th Dept, 1973].) In the Matter of Dawson v Knox, 231 App. Div. 490,492, the court held that the duties of a public official "* * * involve some exercise of sovereign power — those of a public employee do not. The one has independent official status; the other has rights under a contract of employment."
Real Property Tax Law, § 1524 sets forth the law regarding boards of assessment review. It appears from a reading of this section that the powers and duties of a member of the board relate more closely to the sovereignty and independence that a public official enjoys than to the standard relationship between an employer/employee. Furthermore, subdivision 1 of section 1524 refers to the "terms of office of members"; a phrase common with public office as opposed to public employment.
Once the status as a public official has been established for a member of the town's board of assessment review, the eligibility requirement of Town Law, § 23 would apply. This section provides, in part, as follows:
"§ 23. Eligibility of town officers
 "Every elective officer of the town at the time of his election and throughout his term of office, shall be an elector of the town. Every other officer of the town at the time of his appointment and throughout his term of office shall be an elector of the town * * *."
In a previous opinion (1970 Atty Gen [Inf Opns] 67), we stated that the term "elector" as contained in Town Law, § 23, means a person who is a resident of the town. By reason of the foregoing, it is our opinion that a member of the town's board of assessment review is a public officer and, as such, must be a resident of the town for which he serves as a member of said board.