Marvin I. Honig, Esq. County Attorney, Rensselaer County
You have asked whether community college trustees are State or local officers; whether they are required to file an oath of office; whether failure to file the oath of office on a timely basis creates a vacancy in the office; and whether trustees must reside in the county serving as the local sponsor.
The local sponsor of a community college is any city, county or school district approved by the State University trustees, sponsoring or participating in the establishment or operation of a community college (id., § 6301[3]). A local sponsor, acting through its governing body, may in accordance with the master plan formulated by the State University trustees (see 1950 Report of the Attorney General 157), establish a community college, combine with another local sponsor for the joint establishment of a community college or elect to participate in the operation of a community college (id., § 6302).
Each community college, except in the City of New York, is administered by a board of trustees of ten members (id., § 6306[1]). Five members are appointed by the local legislative body and four from among persons residing in the sponsoring community by the Governor (ibid.). These nine members each serve a nine-year term (ibid.). One student member is elected annually by the students of the college and serves as a non-voting member of the board (ibid.).
It is first necessary to determine whether community college trustees are public officers rather than employees, since there are specific provisions of law dealing with oaths of office and residency of public officers (Public Officers Law, §§ 3[1], 10 and 30[1][h]). The characteristics of a public office as compared to a position of employment are found in the nature of the office, the functions and duties performed, and the tenure of the occupant (Haller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]). A public officer has the authority under law to exercise some portion of the sovereign functions of government for the benefit of the public during a given period of time (ibid.). Public officers have independent official status; employees have rights under a contract of employment (ibid.).
The trustees of a community college have the duty (subject to approval by the State University trustees) to appoint a president of the college (id., § 6306[2]). They may appoint the members of the staff of the community college or may delegate this responsibility to the president (ibid.). The trustees may acquire real or personal property suitable for carrying out the program and purposes of the college (id., § 6306[4]). Trustees have the responsibility for the care, custody, control and management of the lands, buildings, facilities and equipment of the college (id., § 6306[5]). The trustees have such other powers and duties as may be prescribed by the State University trustees (id., § 6306[6]).
We conclude that, with the exception of the student member of the community college trustees, trustees are public officers. They are authorized during their terms of office to exercise discretion in the management of community college affairs. They are an independent body with a statutory role in educating the public and, therefor, are invested with some portion of the sovereign functions of government.
We have previously concluded that as non-voting members, the students on community college boards of trustees do not exercise a portion of the sovereign power, and, therefor, are not public officers (1975 Op Atty Gen 79). Since student members are elected by the students of their respective institutions, they should be considered representatives of the student bodies by whom they are elected rather than representatives of the public at large (ibid.).
You question whether community college trustees are State or local officers and ask whether in determining their status it is appropriate to differentiate between those trustees appointed by the Governor and those appointed by the local sponsor. We believe that community college trustees, with the exception of the student members, are local officers. The Public Officers Law, § 2 defines a State officer as every officer for whom all the electors of the State are entitled to vote, members of the Legislature, justices of the Supreme Court, regents of the State University and every officer appointed by one or more State officers or by the Legislature who is authorized to exercise his official functions throughout the entire State or without limitation in any political subdivision of the State. Local officers include every other officer who is elected by the electors of a portion of the State, every officer of a political subdivision or municipal corporation of the State and every officer limited in the execution of his functions to a portion only of the State (ibid.).
In our view, community college trustees are officers of the local sponsor of the community college, whether it be a city, county or school district (1955 Report of the Attorney General 286; 1963 Op Atty Gen [Inf] 187). While some trustees are appointed by the Governor, they along with the other trustees are limited in the execution of their powers and duties to a portion of the State (see Public Officers Law, § 2).
A criterion for holding a local public office is that the person must at the time he is chosen be a resident of the political subdivision or municipal corporation for which he is chosen (Public Officers Law, §3[1]). Since a community college trustee, with the exception of the student member, is a local officer, he must at the time of appointment reside within the geographical boundaries of the local sponsor. The law specifically requires that trustees appointed by the Governor must be residents of the sponsoring community (Education Law, § 6301[1]).
All public officers are required to take and file an oath of office (id., § 10). The oath of every officer of a municipal corporation or school district must be filed with the clerk of the corporation or district (ibid.). We conclude that, with the exception of the student member, community college trustees must take and file an oath of office with the clerk of the municipal corporation or school district serving as the local sponsor. The failure of an appointed officer to file his oath of office within 30 days after notice of his appointment or within 30 days of the commencement of his term, creates a vacancy in his office (Public Officers Law, § 30[1][h]).
We conclude that, with the exception of the student member, members of boards of trustees of community colleges are local officers. They must at the time of appointment reside within the geographical boundaries of the local sponsor and are required to file an oath of office within the time period provided by law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.