Donald Crowley, Esq. County Attorney, Wayne
You have asked whether the members of various county boards and committees are public officers, thereby subject to provisions of law governing the holding of public office.
First you inquire whether the members of the County Fire Advisory Board (Board) are public officers. The legislative body of a county may establish a Board consisting of not less than five nor more than twenty-one members, each to be appointed for a term not to exceed one, two or three years, which need not be the same for all members (County Law, § 225-a[1] and [2]). It is the duty of the Board to cooperate with the Office of Fire Prevention and Control in the Department of State in the development and maintenance of:
 "programs for fire training, fire service-related activities and mutual aid; to act as an advisory body to the board of supervisors and to the county fire coordinator, if any, in connection with the county participation in such programs for fire training, fire service-related activities and mutual aid and in connection with the county establishment and maintenance of a county fire training school and mutual aid programs in cases of fire and other emergencies in which the services of firemen would be used; to perform such other duties as the board of supervisors may prescribe in relation to fire training, fire service-related activities and mutual aid in cases of fire and other emergencies in which the services of firemen would be used. The members of such board shall be county officers, and shall serve without compensation." (Emphasis supplied; ibid.)
The distinction between a public office and public employment is not always clear (Matter of Dawson v Knox, 231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power, while those of a public employee do not (ibid.; Matterof Haller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]). A public officer has independent official status (ibid.). An employee has rights under a contract of employment (ibid.). The statutory designation of a position as an "office" is some indication that the legislative body intended to treat its occupant as a public officer (cf. Matter of MacDonald vOrdway, 219 N.Y. 328, 332 [1916]; Matter of Haller v Carlson, supra, p 830). Other indicia of public office are the requirement to take an oath of office or file bonds, appointment for a definite term, and receipt of a commission of office or official seal (Macrum v Hawkins, 261 N.Y. 193,200-201 [1933]).
The function of the Board is primarily planning and advisory. While these characteristics alone might lead to a determination that Board members are employees, we are persuaded otherwise in light of the clear statement by the Legislature that "the members of such board shall be county officers" (County Law, § 225-a[2]). Further, the members of the Board are to be appointed for definite terms (ibid.). You note that members of the Board receive no compensation but are reimbursed for some expenses. The payment or nonpayment of compensation is not determinative of status as a public officer (see Public Officers Law, § 64).
Public officers are required to file oaths of office and meet eligibility criteria for holding office, including residency requirements (Public Officers Law, §§ 3 and 10).
You have listed nine other boards and committees and asked whether their members are public officers. In two instances, since the entity was created by local law, an evaluation of the provisions of the local law will be necessary to reach a conclusion. In other cases, we recommend that you apply the principles stated above to reach a conclusion. A determination may rest upon the specific functions assigned to a given board or commission by the county official with such authority. Should you continue to have questions about the status of any members of these other boards or commissions, feel free to request further assistance.
Finally, you ask whether the county legislative body may appoint one of its own members to a board or commission. It has been decided that it is against public policy for a governing body or public board to appoint one of its own members to a public office (Wood v Town of Whitehall,120 Misc. 124 [Sup Ct, Washington Co, 1923], affd 206 App. Div. 786 [3d Dept, 1923], cited in Macrum v Hawkins, supra, pp 201-202):
 "When public officers, such as the members of a town board, are vested by the Legislature with power of appointment to office, a genuine responsibility is imposed. It must be exercised impartially, with freedom from a suspicion of taint or bias which may be against public interest. An appointing board cannot absolve itself from the charge of ulterior motives when it appoints one of its own members to an office. It cannot make any difference whether or not his own vote was necessary to the appointment. The opportunity improperly to influence the other members of the board is there. No one can say in a given case that the opportunity is or is not exercised. * * * This is the possibility, which the law should remove by determining such appointments to be illegal." (Wood v Town of Whitehall, supra, p 125.)
We note, however, that there may exist specific statutory authority for the appointment of a member of the appointing authority to a public office (cf. Village Law, § 3-312[5]).
We conclude that members of the County Fire Safety Advisory Board are public officers who must comply with statutory requirements for holding public office. It is against public policy for an appointing board to appoint one of its own members to a public office.