Thomas P. Halley, Esq. Assistant Corporation Counsel, Poughkeepsie
You ask whether the Commissioner of Finance of the City of Poughkeepsie is a public officer, thereby required under Public Officers Law, §3(1) to reside in the city, and if so, whether the city by local law may provide that the Commissioner need not be a city resident.
The distinction between a public office and public employment is not always clear (Matter of Dawson v Knox, 231 App. Div. 490, 492 [3d Dept, 1931]). The characteristics of a public office as compared to a position of employment are found in the nature of the office, the functions and duties performed, and the tenure of the occupant (Haller v Carlson,42 A.D.2d 829 [4th Dept, 1973]). The duties of a public official involve some exercise of soverign power, while those of a public employee do not (ibid.; Matter of Dawson v Knox, supra). In Haller, the court quoted fromMechem, Public Officers, where a public office is defined as:
 "* * * the right, authority, and duty created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public."
A public officer has independent official status (ibid.). An employee has rights under a contract of employment (ibid.). The statutory designation of a position as an "office" is some indication that the legislative body intended to treat its occupant as a public officer (cf. Matter ofMacDonald v Ordway, 219 N.Y. 328, 332 [1916]; Matter of Haller vCarlson, supra, p 830). Other indicia of public office are the requirement to take an oath of office or file bonds and receipt of a commission of office (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933]). Also in general, the word "employee" does not signify an agent or one vested with discretion as to the mode of performing his duties, whereas the words "public officer" suggest the relation of principal and agent (see Op Atty Gen 83-F4).
Under the charter of the City of Poughkeepsie, the Commissioner of Finance is appointed by the city manager for an indefinite term (Poughkeepsie City Charter, § 39[1], [2]). He is required to take and file an oath of office (id., § 6), and to execute and file a bond (id., §§ 40[2], 41, 42). The powers and duties of the Commissioner are set forth in Title IV of the charter, entitled "Of the Powers and Duties of City Officers" (emphasis supplied). He is the head of the Department of Finance (id., § 39[1]) and, in that capacity, has charge of the financial affairs of the city (id., § 40[2]). He is also designated as the city treasurer and has all the powers and duties of that office (ibid.). In this latter capacity, he is required to perform the duties prescribed by law for town tax collectors, and he possesses all the power of such officers (id., § 43[1]).
The Commissioner's specific duties include, among others, supervising the disbursement and expenditure of city funds (id., §§ 40[2][b], 43[3]); maintaining a general accounting system for the city and exercising budgetary control over each city office (id., § 40[2][c]); collecting all taxes, assessments and fees (id., § 40[2][g]); supervising the purchase, storage and distribution of supplies and equipment used by city offices and departments (id., § 40[2][j]); approving all proposed expenditures (id., § 40[2][k]); and investing city funds (id., § 40[2][1]). As purchasing agent of the city, the Commissioner is authorized to contract for all necessary supplies and equipment (id.,
§ 40 [3][a]), establish and enforce specifications with respect thereto (id., § 40 [3][b]), and supervise the inspection of all deliveries of such supplies and equipment and determine their quality, quantity and conformity (id., § 40[3][c]).
You have indicated in a subsequent letter that the city has established the position of budget analyst and transferred certain of the Commissioner's statutory duties to that position. As indicated in the civil service job description for that position, the budget analyst's duties relate primarily to budget and fiscal analyses. He has also assumed chairmanship of the Board of Contract and Supply.
We are of the opinion that the Commissioner of Finance is a public officer. The charter designates him as a "city officer" and as an "agent" of the city. He is required to execute and file an oath and a bond. He is authorized during his term of office to exercise discretion in the management of the financial affairs of the city. His duties are defined by statute, not by a contract of employment. While some of his duties have been assumed by the budget analyst and others are performed at the discretion of the common council (see, e.g., id., § 40[2][h], [3][d]), we are persuaded by the language of the charter that the intent was to establish the position of Commissioner of Finance as a public office.
Under Public Officers Law, § 3(1) no person may hold a local public office unless, at the time he is chosen, he resides in the political subdivision of municipal corporation for which he is chosen. Section 3(1), therefore, mandates that the Commissioner reside in the city. You ask whether the city may enact a local law superseding section 3(1) which would permit the Commissioner to reside outside of the city.
Local governments are authorized to adopt and amend local laws consistent with the Constitution and general law in relation to the qualifications of their officers and employees except to the extent that the Legislature has restricted this power (NY Const, Art IX, § 2[c][1]; Municipal Home Rule Law, § 10[1][ii][a][1]). Residency requirements are "qualifications" within the meaning of this provision (Op Atty Gen 83-29; 1977 Op Atty Gen [Inf] 148). A general law is a State statute which in terms and effect applies alike to all counties, all counties other than those wholly included in a city, all cities, all towns or all villages (Municipal Home Rule Law, § 2[5]). Subdivision 12 of section3 of the Public Officers Law establishes a special residency requirement for appointive public officers in the City of Troy. This exception has rendered section 3(1) of the Public Officers Law, in its coverage of these offices, a special (id., § 2[12]), rather than a general law (see, 1978 Op Atty Gen [Inf] 272). That is, in establishing residency requirements for appointive public officers in cities, section3(1) of the Public Officers Law does not in terms and effect apply alike to all cities of the State (see, Op Atty Gen 83-29). The Legislature has not restricted the adoption of local laws relating to residency requirements for the office in question (compare Public Officers Law, § 3[2]). Therefore, any other city by local law may provide different residency requirements for the office of Commissioner of Finance than those found in the Public Officers Law.
We conclude that the Commissioner of Finance in the City of Poughkeepsie is a public officer and therefore is required under Public Officers Law, § 3 to reside within the city. The city is authorized, however, to enact a local law dispensing with this residency requirement.