William J. Florence, Jr., Esq. Corporation Counsel, Peekskill
You have asked whether a deputy corporation counsel is eligible to be a member of a school board of a city with a poplulation of approximately 19,000 persons. You have informed us that you are concerned about section2502(7) of the Education Law, which provides that in school districts of cities having less than 125,000 inhabitants, "no person shall hold at the same time the office of member of the board of education and any city office other than as a policeman or a fireman" (see, also, id., § 2501).
Your question would appear to turn on whether the deputy corporation counsel is an "officer" of the city. In your letter you informed us that the department of law of your city consists of the corporation counsel who is the head of the department; the first deputy corporation counsel who, in the absence of the corporation counsel, performs the duties of that position; and a deputy corporation counsel who handles particular matters but does not have the authority to act on behalf of the corporation counsel in that person's absence. The person occupying the position of deputy corporation counsel is considering seeking the position on the board of education.
The determination whether a person is an officer rather than an employee requires a judgment whether the powers, duties, qualifications and other characteristics of his job make him an officer rather than an employee (Op Atty Gen No. 83-F4). The distinction between a public office and public employment is not always clear (ibid). The duties of a public official involve some exercise of sovereign power while those of a public employee do not (ibid.). The statutory designation of a position as an office is some indication that the legislative body intended to treat its occupant as a public officer (ibid.). Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term, and receipt of a commission of office or official seal (ibid.). To qualify as an officer, however, the occupant must exercise a portion of the sovereign powers of government (Matter ofHaller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]).
From your description, the deputy corporation counsel handles particular mattters at the direction of the corporation counsel. He has no authority to make independent decisions and does not exercise the responsibilities of the corporation counsel in that person's absence. Under these circumstances, this individual exercises no sovereign powers of government.
We conclude that the deputy corporation counsel of the City of Peekskill is not a public officer. Thus, he is not prohibited by section 2502(7) of the Education Law from serving as a member of the board of education of the city school district.