George T. Dolan, Jr., Esq. County Attorney, Columbia
You have asked whether the first assistant district attorney of your county is required to be a resident of the county. In a telephone conversation elaborating on your opinion request, you explained that the first assistant district attorney has authority to act as district attorney in the latter's absence.
Section 3 of the Public Officers Law requires that local officeholders be residents of the political subdivision of the State for which they are chosen. Thus, if the position of first assistant district attorney is an office, its occupant is required to reside in the county.
In a previous opinion of this office (Formal Opinion No. 83-F4), we set forth the characteristics of a public office:
 "The distinction between a public office and public employment is not always clear (Matter of Dawson v Knox, 231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power, while those of a public employee do not (ibid.; Matter of Haller v Carlson, 42 A.D.2d 829
[4th Dept, 1973]). The statutory designation of a position as an `office' is some indication that the legislative body intended to treat its occupant as a public officer (cf. Matter of MacDonald v Ordway, 219 N.Y. 328, 332 [1916]; Matter of Haller v Carlson, supra, p 830). Other indicia of a public office are the requirement to take an oath of office or file bonds; appointment for a definite term, and receipt of a commission of office or official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933]).
While there are several indicia of status as a public officer, one cannot qualify as a public officer without the authority to exercise a portion of the sovereign powers of government (1983 Op Atty Gen 16; Matter ofHaller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]). As compared to an employee who does not discharge independent duties but acts by the direction of others, a public officer is vested with discretion as to how he performs his duties.
The first assistant district attorney of your county is authorized to act as district attorney during the absence of that officeholder. Thus, it seems clear that the first assistant district attorney exercises sovereign powers and, therefore, holds a public office. Thus, a person may not be appointed to this position unless he is a resident of the county, and he must remain a resident during his tenure in office (Public Officers Law, §§ 3, 30).
We conclude that the first assistant district attorney of your county is a public officer required to be a resident of the county.