S. John Campanie, Esq. County Attorney, Madison
You have asked whether the county's public health director is a public officer, thereby subject to appointment under County Law, § 400(4)(a) and to the requirements of the Public Officers Law.
The distinction between a public office and public employment is not always clear (Matter of Dawson v Knox, 231 App. Div. 490, 492 [3d Dept, 1931]). The characteristics of a public office as compared to a position of employment are found in the nature of the office, the functions and duties performed, and the tenure of the occupant (Matter of Haller vCarlson, 42 A.D.2d 829 [4th Dept, 1973]). The duties of a public official involve some exercise of sovereign power, while those of a public employee do not (ibid.; Matter of Dawson v Knox, supra). A public officer has independent official status (Matter of Haller v Carlson, supra). An employee has rights under a contract of employment (ibid.). The statutory designation of a position as an "office" is some indication that the legislative body intended to treat its occupant as a public officer (cf.Matter of MacDonald v Ordway, 219 N.Y. 328, 332 [1916]; Matter of Hallerv Carlson, supra, p 830). Other indicia of public office are the requirement to take an oath of office or file bonds, appointment for a definite term, and receipt of a commission of office or official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933]). Also, an employee is part of a master-servant relationship and acts only at the direction of others, while the words "public officer" suggest the relation of principal and agent whereby independence and discretion may be exercised (see 1983 Op Atty Gen 16).
The public health director is a person who, with appropriate medical consultation, administers and manages the public health programs of a county or city (10 NYCRR 11.181; see also, Public Health Law, §614[6] [eff. Jan. 1, 1988]). Only a county or a city with a population of less than 250,000 may appoint a public health director instead of a local commissioner of health (10 NYCRR 11.180). A significant difference between the two positions is that the local health commissioner must be a physician (10 NYCRR 11.11). Otherwise, the positions are equivalent (10 NYCRR 11.180; see Public Health Law, §604 [eff. Jan. 1, 1988]). The powers and duties of local health commissioners enumerated in section 352 of the Public Health Law also apply to public health directors (ibid.).
We are of the opinion that the public health director is a public officer. He exercises general supervision and control of the medical treatment of patients in facilities operated by the health district (Public Health Law, § 352[2]). (Health districts are established by the governing bodies of municipalities and, in the case of counties, may encompass part of the municipality [id., §§ 2(1)(c), (d), (e); 340; 614(1) — (4) (eff. Jan. 1, 1988)].) The public health director has the power to enter into contracts with a variety of organizations, including insurance corporations, hospital service corporations, municipal corporations, medical expense indemnity corporations, non-profit corporations and State, local and Federal agencies (id., § 352[3][a]). As examples, these contracts have as their purpose the provision of paramedical, nursing and home care services to individuals who are insured by, subscribe to, or are clients of such organizations (id.). The fees for services rendered under such contracts are established by the public health director (id., § 352[3][b]). All contracts are subject to approval by certain municipal officials and by the State Commissioner of Health (id.). The public health director also establishes fees for services rendered to all other individuals and may waive any fees (id., § 352[4], [5]). These decisions also must be approved by other government officials (id.).
The public health director also has all the powers and duties of local health officers (Public Health Law § 352[2]). These include enforcing the public health law and the sanitary code, making sanitary surveys and inspections and informing the public of the nature and means of prevention of prevalent diseases (id., § 324).
In our opinion, the considerable powers and discretion granted to the public health director in administering and managing the public health programs within a county health district make him a public officer.