John L. Rizzo, Esq. County Attorney, Genesee
You have asked whether the position of part-time assistant public defender is a public office subject to the residency requirements of the Public Officers Law.
Under section 3 of the Public Officers Law, no person is eligible to hold a local office unless he is a resident of the municipality for which he is to be chosen or within which his official functions are to be exercised.
The determination whether a person is an officer rather than an employee requires a judgment whether the powers, duties, qualifications and other characteristics of his job make him an officer rather than an employee (1983 Op Atty Gen 16). The distinction between a public office and public employment is not always clear (ibid.). The duties of a public official involve some exercise of sovereign powers while those of a public employee do not (ibid.). The statutory designation of a position as an office is some indication that the legislative body intended to treat its occupant as a public officer (ibid.). Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term, and receipt of a commission of office or official seal (ibid.). To qualify as an officer, however, the occupant must exercise a portion of the sovereign powers of government (Matter ofHaller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]).
You have informed us that at this stage, the duties of the assistant public defender have not been defined. A determination of public officer status cannot be made without a definition of duties. For your information, however, we will provide some guidelines.
Under section 716 of the County Law, the legislative body of a county is authorized to create an "office" of public defender. If the assistant public defender is made a deputy and is authorized to act as the public defender during that officer's absence or inability to serve, in our view the position would be an office. As deputy, he would have authority to exercise sovereign powers of government in managing operations during the public defender's absence. If, however, the assistant public defender is not a deputy and only handles particular matters at the direction of the public defender, the position is not a public office. The assistant's role in this case is to apply his professional skills to the best of his ability in providing criminal defense services. We believe he would be an employee.
We conclude that a deputy assistant public defender with authority to act as a public defender during the absence or inability to serve of the public defender is a public officer who is required to reside within the county.