Hon. Matthew T. Crosson Chief Administrative Judge Unified Court System
Your counsel has requested an opinion as to whether certain court personnel, who have been designated by law as peace officers, are "officers" within the meaning of section 3(1) of the Public Officers Law which imposes a State residency requirement upon persons holding a State office. You have inquired about the following personnel:
 1. uniformed court officers of the unified court system;
 2. court clerks of the unified court system in the first and second department;
 3. marshals, deputy marshals, clerks or uniformed court officers of a district court; and
4. marshals or deputy marshals of a city court.
Under section 3(1) of the Public Officers Law, a person is not eligible to hold a State office unless he is a resident of the State. Section 30 of that law establishes continuing residency requirements for public officers and provides that a State office becomes vacant when the officer ceases to be a resident of the State. The question raised is whether the designated personnel are officers. A determination as to whether an appointee is an officer rather than an employee requires a judgment whether the powers, duties, qualifications and other characteristics of the job make him an officer rather than an employee. The distinction between a public office and public employment is not always clear (Matterof Dawson v Knox, 231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power while those of a public employee do not (ibid.; Matter of Haller v Carlson, 42 A.D.2d 829
[4th Dept, 1973]). The statutory designation of a position as an office is some indication that the legislative body intended to treat its occupant as a public officer (cf., Matter of MacDonald v Ordway,219 N.Y. 328, 332 [1916]; Matter of Haller v Carlson, supra, p 830). Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term and receipt of a commission of office or official seal (Macrum v Hawkins, 261 N.Y. 193,200-201 [1933]).
In a prior opinion, we compared a public office to a position of employment.
 "`Office' implies the obligation of a portion of the sovereign powers to, and the possession of it by, the person filling the office; and the exercise of such powers within legal limits constitutes the correct discharge of the duties of such office. The employee does not discharge independent duties but acts by the direction of others. The word `employee', used in a public sense, does not signify an agent or one vested with discretion as to the mode of performing his duties. Where the relation is one of master and servant we have the `employee', but the words `public officer' suggest the relation of principal and agent. The duties of a State officer are not prescribed by contract but by statute. A State officer includes every officer appointed by a State officer and authorized to exercise his functions throughout the State without limitation to any subdivision thereof. He is included in the classification of State officers or named in the statute with official duties to perform" (1911 Op Atty Gen 452).
It is clear that while there are several indicia of status as a public officer, one cannot qualify as a public officer without the authority to exercise a portion of the sovereign powers of government (Matter ofHaller v Carlson, supra). As compared to an employee who does not discharge independent duties but acts by the direction of others, a public officer is vested with discretion as to how he performs his duties (ibid.).
Criminal Procedure Law, § 2.10 is an exclusive list of persons possessing the status and powers of peace officers. Included under section 2.10(21) are the following court personnel who are the subjects of this inquiry:
 1. uniformed court officers of the unified court system;
 2. court clerks of the unified court system in the first and second department;
 3. marshals, deputy marshals, clerks or uniformed court officers of a district court; and
4. marshals or deputy marshals of a city court.
Persons designated as peace officers are empowered to make warrantless arrests; to use physical force and deadly physical force in making an arrest or preventing an escape; to carry out warrantless searches whenever such searches are constitutionally permissible and when the officer is acting pursuant to his special duties; to issue appearance tickets when acting pursuant to his special duties; to possess and take custody of firearms when consistent with his duties as a peace officer; and to exercise any other power which a particular peace officer is authorized to exercise by statutory authorization whenever acting pursuant to his special duties (Criminal Procedure Law, § 2.20[1]). A peace officer acts pursuant to his special duties
 "when he performs the duties of his office, pursuant to the specialized nature of his particular employment, whereby he is required or authorized to enforce any general, special or local law or charter, rule, regulation, judgment or order" (id., § 2.20[2]).
In an opinion to the Department of Correctional Services (1983 Op Atty Gen 16), we found that not every person with the status of peace officer possesses all the powers of peace officers. Under the above provisions of law defining the powers of peace officers, the employer has been given the authority to determine when and to what extent an officer designated as a peace officer may exercise his powers. The powers of peace officers have been keyed more narrowly and clearly than before to the duties of the particular officer as defined by statute and by his employer (Bellacosa, Practice Commentary, McKinney's Criminal Procedure Law, § 2.20; Bill Jacket, L 1980, ch 843).
Similarly in 1982 Op Atty Gen 36, we concluded that peace officer powers may be exercised only when the officer is acting pursuant to his special duties. Specifically, we found that a peace officer may carry a weapon when on duty only if authorized by his employer (ibid.). Further, a peace officer authorized to carry weapons while on duty may carry them off duty, absent employer rules or orders prohibiting the carrying of a weapon while off duty (ibid.).
Thus, the powers of peace officers established by section 2.20(1)(c)-(i) may, by the terms of the statute, only be exercised when the peace officer's special duties authorize or require the exercise of these powers. Duties may be established, for example, by statute or reasonable rule of the employer. The scope of the remaining powers of peace officers (Criminal Procedure Law, § 2.20[1][a], [b]) are similarly defined by the officer's special duties. The extent of a peace officer's powers to arrest without a warrant (id., § 2.20[1][a]) are determined by whether or not he is acting pursuant to his special duties (id., § 140.25). When a peace officer acts pursuant to his special duties, his arrest powers for crimes and offenses are as broad as those of police officers (see, id., §§ 140.10[1], 140.25[1]). At other times, his powers are more limited (id., § 140.25[3], [4]). These powers are marginally broader than those of a citizen making an arrest (id., § 140.30). The power to use force in making an arrest or preventing an escape (id., § 2.20[1][b]) is contingent upon the scope of arrest power available to the officer.
In our view, under current law governing the powers of peace officers not every peace officer will qualify as a public officer. We believe it is necessary to examine closely the duties of the subject peace officers to determine if they are public officers. To what extent do they possess the powers of peace officers listed in section 2.20 of the Criminal Procedure Law? Further, do they exercise supervisory roles with broad authority or do they act only upon the directives of others? As we indicated, public officers exercise a portion of the sovereign powers of government. They are vested with discretion in contrast with employees who act under the direction of others. It is necessary that you examine each title and make a judgment as to whether the position constitutes a public office.
The following hypotheticals may provide you with some guidance in making these determinations. Court personnel who, under the supervision of others, are responsible for guarding persons accused of crimes, providing security in the court room and performing additional ministerial duties would appear not to possess sufficient discretionary powers and peace officer powers to reach the status of public officers. On the other hand, court personnel who are supervisors and have responsibility for court room security operations would appear to exercise sufficient discretionary powers to reach public officer status. Between these examples will undoubtedly fall other positions whose authority and duties must be measured against the standards set forth herein.
We conclude that the authority and duties of certain personnel of the unified court system, who have been designated as peace officers, must be examined in order to determine whether they hold public offices.