Ralph W. Nash, Esq. City Attorney, Ithaca
You have asked whether your city's youth bureau director is subject to section 3(1) of the Public Officers Law and, therefore, must reside in the city.
Under section 3(1) of the Public Officers Law a person is not eligible to hold a local office unless he is a resident of the municipality. Additionally, local officers must remain residents of the locality throughout their terms of office (Public Officers Law, § 30).
The question is whether the city's youth bureau director is a public officer. The distinction between a public office and public employment is not always clear (Matter of Dawson v Knox, 231 App. Div. 490, 492 [3d Dept, 1931], affd 267 N.Y. 565 [1935]). The duties of a public official involve some exercise of sovereign power while those of a public employee do not (ibid.; Matter of Haller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]). The statutory designation of a position as an office is some indication that the legislative body intended to treat its occupant as a public officer (cf., Matter of MacDonald v Ordway, 219 N.Y. 328, 332
[1916]; Matter of Haller v Carlson, supra, p 830). Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term and receipt of a commission of office or official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201
[1933]).
In a prior opinion, we compared a public office to a position of employment.
 "`Office' implies the obligation of a portion of the sovereign powers to, and the possession of it by, the person filling the office; and the exercise of such powers within legal limits constitutes the correct discharge of the duties of such office. The employee does not discharge independent duties but acts by the direction of others. The word `employee', used in a public sense, does not signify an agent or one vested with discretion as to the mode of performing his duties. Where the relation is one of master and servant we have the `employee', but the words `public officer' suggest the relation of principal and agent" (1911 Op Atty Gen 452, 453).
It is clear that while there are several indicia of status as a public officer, one cannot qualify as a public officer without the authority to exercise a portion of the sovereign powers of government (Matter ofHaller v Carlson, supra). As compared to an employee who does not discharge independent duties but acts by the direction of others, a public officer is vested with discretion as to how he performs his duties (ibid.).
You have informed us that the youth bureau director has responsibility for administering all city youth bureau programs including guidance counseling, recreation, public relations, agency coordination and business activities. The duties include responsibility for developing a wide range of delinquency prevention projects and youth service programs. The director has administrative control over all youth service programs receiving State and federal funding. The director exercises supervision over professional and clerical youth bureau staff.
We believe it is clear that the youth bureau director, with responsibility for all city youth bureau programs and supervision over all staff, exercises sovereign powers of government. The duties of the position vest considerable discretion in the youth bureau director.
We conclude that your city's youth bureau director is a public officer who must reside within the city at the time of his appointment and throughout his term of office.