Requestor: Marc P. Zylberberg, Sr. Asst. County Attorney Dutchess County 22 Market Street Poughkeepsie, New York 12601
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked that we identify guidelines establishing when a person is required to file an oath of office.
Under Article XIII(1) of the State Constitution, all officers, both executive and judicial, except inferior officers exempted by law, must before they undertake their duties of office take and subscribe the constitutional oath of office. Failure to file timely the official oath results in a vacancy in office (Public Officers Law, § 30[1][h]).
Thus, "a public officer" is required to file an oath of office. We have previously defined the qualifications of a public officer:
 "`The distinction between a public office and public employment is not always clear (Matter of Dawson v Knox, 231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power, while those of a public employee do not (ibid.; Matter of Haller v Carlson, 42 A.D.2d 829
[4th Dept, 1973]). The statutory designation of a position as an "office" is some indication that the legislative body intended to treat its occupant as a public officer (cf. Matter of MacDonald v Orday, 219 N.Y. 328, 332 [1916]; Matter of Haller v Carlson, supra, p 830). Other indicia of a public officer are the requirement to take an oath of office or file bonds; appointment for a definite term, and receipt of a commission of office or official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933])' (1983 Op Atty Gen 16).
 "While there are several indicia of status as a public officer, one cannot qualify as a public officer without the authority to exercise a portion of the sovereign powers of government (1983 Op Atty Gen 16; Matter of Haller v Carlson, 42 A.D.2d 829
[4th Dept, 1973]). As compared to an employee who does not discharge independent duties but acts by the direction of others, a public officer is vested with discretion as to how he performs his duties" (1986 Op Atty Gen [Inf] 96).
We conclude that persons having status as public officers must file oaths of office.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.