Requestor: John P. Courtney, Esq. Amagansett Fire District P.O. Box 720 Amagansett, N.Y. 11930
Written by: James D. Cole, Assistant Attorney General in Charge of Opinion
You have asked whether a person who has been convicted of a felony (grand larceny) occurring when the person was a member of a fire police squad, is eligible to continue serving as a member of that squad. You have indicated that the conviction was unrelated to the performance of fire police duties.
Fire departments and fire companies may form fire police squads composed of volunteer firefighters who are members of the departments or companies. General Municipal Law § 209-c. Members of these squads perform fire police duties when the fire department or fire company is on duty or when engaged in a call for assistance on the orders of the chief of the fire department or fire company. Ibid. When exercising these responsibilities, fire police have the powers and status of peace officers. Ibid. Members of these squads are required to take the constitutional oath of office and file the oath in accordance with law.Ibid.
We have found no provisions in the General Municipal Law which would disqualify a person from serving as a member of the fire police squad for conviction of a felony. Under section 30 of the Public Officers Law, however, public offices become vacant if the occupant is convicted of a felony or of a crime involving a violation of his oath of office. Public Officers Law — 30(1)(e). Thus, if the member of the fire police squad was a public officer at the time of his felony conviction, by operation of law he would have vacated that office.
The question is whether this member of the squad has public officer status. A determination as to whether a person is an officer rather than an employee requires a judgment whether the powers, duties, qualifications and other characteristics of the job make him an officer rather than an employee. The distinction between a public office and public employment is not always clear. Matter of Dawson v Knox,231 A.D. 490, 492 (3d Dept 1931). The duties of a public official involve some exercise of sovereign power while those of a public employee do not. Ibid.; Matter of Haller v Carlson, 42 A.D.2d 829 (4th Dept 1973). The statutory designation of a position as an officer is some indication that the legislative body intended to treat its occupant as a public officer. Cf., Matter of MacDonald v Ordway, 219 N.Y. 328, 332 (1916);Matter of Haller v Carlson, supra, p 830. Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term and receipt of a commission of office or official seal. Macrum v Hawkins, 261 N.Y. 193, 200-201 (1933).
It is clear that while there are several indicia of status as a public officer, one cannot qualify as a public officer without the authority to exercise a portion of the sovereign powers of government. Matter ofHaller v Carlson, supra. As compared to an employee who does not discharge independent duties but acts by the direction of others, a public officer is vested with discretion as to how he performs his duties. Ibid.
We have found that peace officer status alone does not necessarily qualify a person as a public officer. 1989 Op Atty Gen 18. In our 1989 opinion, we reasoned as follows:
 "We believe it is necessary to examine closely the duties of the subject peace officers to determine if they are public officers. To what extent do they possess the powers of peace officers listed in section 2.20 of the Criminal Procedure Law? Further, do they exercise supervisory roles with broad authority or do they act only upon the directives of others? As we indicated, public officers exercise a portion of the sovereign powers of government. They are vested with discretion in contrast with employees who act under the direction of others."
1989 Op Atty Gen at 21; see also, Formal Opinion No. 90-F8.
A determination whether a member of a fire police squad is a public officer requires an evaluation of whether the powers and duties of that member meet the standards for public officer status. One cannot be a public officer without being vested with a portion of the sovereign powers of government. It is necessary that you locally determine the facts and make this judgment.
We note that a person convicted of a crime may be subject to disciplinary proceedings by his employer.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.