Hon. Douglas J. Usiak Formal Opinion Chairperson No. 97-F11 New York State Independent Living Council 111 Washington Ave. Suite 1010 Albany, New York 12210
Dear Mr. Usiak:
You have asked whether members of the New York State Independent Living Council ("NYSILC" or the "Council") are public officers. Specifically you seek our opinion as to whether the Council must follow statutory requirements governing appointment and meetings of Council members and whether Public Officers Law provisions regarding defense and indemnification of State employees apply to Council members.
A separate statutory or common law standard applies to each of your questions. We conclude that the appointment provisions of the Public Officers Law apply because Council members exercise a portion of the sovereign power of the State, that the quorum provisions of General Construction Law § 41 apply to the Council because its members are public officers who carry out public duties, and that, because Council members are independent contractors and, therefore, are not in the service of the State, they are not covered by the defense and indemnification provisions of Public Officers Law § 17.
The Council was established pursuant to the provisions of the Federal Rehabilitation Act governing independent living services.29 U.S.C. § 796, et seq. (hereafter the "Act"). The Act establishes a number of requirements a state must satisfy to receive Federal funds to support independent living for persons with disabilities. A state must establish a statewide independent living council to be eligible for the funds. Id., § 796d(a). Such a council "shall not be established as an entity within a State Agency" and a majority of the members must not be state employees or employees of centers for independent living. Id.
The Council was incorporated as a not-for-profit corporation in 1995 and qualifies as tax exempt under section 501(c)(3) of the Internal Revenue Code. It entered into a contract with the State Education Department under which it is carrying out the provisions of the Act, which is deemed part of the contract. Under the contract, the Education Department provides funds for salaries, office space and supplies.
The Act requires the Council to develop, jointly with state authorities, the state plan for provision of independent living services.29 U.S.C. § 796d(c)(1). The Council also must monitor, review, and evaluate implementation of the plan and keep such records and make such reports as federal authorities require. Id., § 796d(c)(2), (5). The Council's Certificate of Incorporation states that the Council's purposes, in addition to those described above, are to advise the Education Department's Office of Vocational and Educational Services for Individuals With Disabilities ("VESID") with regard to establishment and operation of centers for independent living. The Council's contract with the State Education Department provides that the Council will develop standards and procedures, jointly with VESID, for reviewing and approving the distribution of Federal funds received pursuant to Title VII and section 723 of the Rehabilitation Act.
The Act provides that Council members are to be appointed by the Governor or the appropriate State entity. 29 U.S.C. § 796d(b)(1). The Council's by-laws provide that the Board of Regents appoints the Council's 20 voting members who constitute the Board of Directors. The Board appoints the Executive Director to serve at the Board's discretion. The by-laws give the Board of Directors discretion to set the compensation for the Executive Director and to remove him or her. The Executive Director is responsible for recruiting, hiring, supervising and terminating all Council employees. The Act establishes the length of the directors' terms, limits members to two consecutive full terms and sets forth the procedure for filling vacancies. 29 U.S.C. § 796d(b)(6)(A), (B) and (7). It also provides that the Council is responsible for ensuring that all of its regularly scheduled meetings are open to the public and that sufficient advance notice of the meetings is provided.Id., § 796d(c)(4).
The Council's contract with the State Education Department also provides in section IV, "Indemnification", that NYSILC "is an independent contractor and may neither hold itself out nor claim to be an officer, employee or subdivision of the State, nor make any claim, demand or application to or for any right based upon any different status". It makes the Council solely responsible in damages for any accidents or injuries to persons or property arising out of services performed by the Council or any subcontractors, and requires it to indemnify and hold harmless the State. Id.
Your first question is whether NYSILC is constrained by statutory requirements governing appointments of State officers contained within the Public Officers Law.[1] (See, Public Officers Law § 3.) The Public Officers Law defines a State officer as
 every officer for whom all the electors of the state are entitled to vote, members of the legislature . . . regents of the university, and every officer, appointed by one or more state officers, or by the legislature, and authorized to exercise his official functions throughout the entire state, or without limitation to any political subdivision of the state. . . . The office of a state officer is a state office. Public Officers Law § 2.
Council members are appointed by the Regents and exercise their official functions throughout the State. Thus, we must analyze whether members are "officers". A determination whether an appointee is an officer rather than an employee requires an analysis of the powers, duties, qualifications and other characteristics of the job. For example, the statutory designation of a position as an "office" is some indication that the legislative body intended to treat its occupant as an officer.See, Matter of MacDonald v. Ordway, 219 N.Y. 328, 332 (1916). A public office is created by statute or local law and its powers and duties are prescribed by statute or local law. Matter of County of Suffolk v. Stateof New York, 138 A.D.2d 815 (3d Dept 1988), affd, 73 N.Y.2d 838 (1989). Other indicia of public office are the requirement to take an oath of office or file a bond, appointment for a definite term, and receipt of a commission of office or official seal. Op Atty Gen (Inf) Nos. 95-40, 88-71.
In addition to these several indicia of status as an officer, a person who exercises a portion of the sovereign powers of government qualifies as an officer. Op Atty Gen (Inf) No. 95-40; see also, Matter of Hallerv. Carlson, 42 A.D.2d 829 (4th Dept 1973). As compared to an employee who does not discharge independent duties but acts by the direction of others, an officer is vested with discretion as to how the officer performs his or her duties. Matter of Haller v. Carlson, supra.
We are persuaded that members of the Council are officers by several important factors: Federal law requires formation of the Council as a condition precedent to the receipt of Federal funds and establishes the duties of Council members. As directed by Federal law, members of the Council develop the State's independent living plan and monitor its execution. 29 U.S.C. § 796d(c)(1), (2). Council members also approve disbursement of federal funds received by the state. In our view, these activities constitute exercise of the sovereign power of the State and Council members who perform them are officers. Accordingly, the requirements governing appointments contained in the Public Officers Law are applicable to members of the Council as officers performing their duties on a State-wide basis.
We recognize that the Council is a not-for-profit corporation and that members of such corporations generally are not officers. Officers generally are in the employment of State or local governments. However, there is precedent for our conclusion that Council members, who are not employed by the State or a local government, are officers because they exercise sovereign powers. In 1980 Op Atty Gen 72, for example, we concluded that a notary public is an officer because, acting under a commission for a definite term, a notary exercises the sovereign power of the State by administering oaths and attesting to the authenticity of documents. A notary is not a State or local official.
Your second question is whether members of NYSILC are subject to the statutory requirements governing meetings contained in section41 of the General Construction Law. General Construction Law § 41 applies
 [w]henever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body.
As discussed above, Council members are public officers. They also carry out public duties, which provides an additional basis for application of this statute. The obligations of the Council discussed above, including the development and approval of the State's independent living plan and the review and approval of distribution of Title VII funds, clearly are public duties. The Council's actions with respect to these obligations affect the public at large and the responsibilities are vested in the discretion of the Council by the State. Thus, the statutory requirements concerning presence of a quorum and majority vote apply to the Council.
Under General Construction Law § 41, a majority of the whole number (meaning the total authorized membership) of persons making up the board or body constitutes a quorum. The board or body may not exercise its power, authority or duty in the absence of a quorum. Id. Further, a majority vote of the whole number is necessary for the board or body to take action. For example, if a statute or the by-laws of a covered entity provides for 20 members, at least 11 members must be present to have a quorum and then at least 11 members must vote for a proposal in order to take action.
Your final question pertains to liability of Council members. The question is whether the State will defend and indemnify members pursuant to Public Officers Law § 17. Section 17 of the Public Officers Law provides for defense and indemnification of an "employee" which in part is defined to mean:
 any person holding a position by election, appointment or employment in the service of the state . . . or a volunteer expressly authorized to participate in a state-sponsored volunteer program, but shall not include an independent contractor.
In our view, Council members are independent contractors. The Council is not subject to direct supervision or control by the Education Department, which is an indicator of independent contractor status. Op Atty Gen No. 97-F1. Moreover, the Federal law delineating the Council's powers and roles specifically requires that the Council remain independent from the State. Under the Act, such a Council "shall not be established as an entity within a State Agency" and a majority of the members must not be State employees or employees of centers for independent living.29 U.S.C. § 796d(a). Thus, the relationship between the State and the Council is limited to a contractual one. The contract between NYSILC and the State Department of Education confirms that NYSILC is an independent contractor. Part IV(B) provides:
 The [Council] is an independent contractor and may neither hold itself out nor claim to be an officer, employee or subdivision of the State nor make any claim, demand or application to or for any right based upon any different status.
The Council therefore is excluded from the protection afforded by Public Officer's Law § 17.[2] Our conclusion that members of the Council are public officers with State-wide responsibility does not require coverage under section 17. In covering persons in the service of the State, the statute contemplates persons employed by the State of New York. We note that section 17 was amended to provide coverage for directors, officers and employees of several public benefit corporations, who were not State employees and who, therefore, would not have been covered without legislative action. Public Officers Law §17(1)(b), (d), (j).
In sum, it is our opinion that the Council is subject to the appointment provisions of the Public Officers Law and the quorum requirements of General Construction Law § 41. We also conclude that Council members are independent contractors who are not entitled to defense and indemnification under the provisions of Public Officers Law §17.
Very truly yours,
DENNIS C. VACCO
Attorney General
[1] We note that Federal law contains specific provisions regarding Council members' terms and the method for filling vacancies.29 U.S.C. § 796d(b)(6)(A), (B) and (7). Such provisions supersede any inconsistent provisions of State law that otherwise would be applicable.
[2] There are some limited exceptions to the exclusion of independent contractors from the defense and indemnification provisions of section 17 which are not applicable to NYSILC.