N.Y. CONST, ART. VI, § 20(b); EXECUTIVE LAW § 165; PUBLIC OFFICERS LAW § 3.
A sitting judge on the Court of Claims may not also serve on the New York State Commission on Uniform State Laws under New York Constitution Article VI § 20(b).
Hon. Richard B. Long Formal Opinion Chairperson No. 2002-F2 Commission on Uniform State Laws P.O. Box 2039 One Marine Midland Plaza Binghamton, N.Y. 13902-2039
Dear Chairperson Long:
You have asked whether a sitting judge on the New York Court of Claims may, consistent with New York Constitution Article VI § 20(b), also serve as a member of the New York Commission on Uniform State Laws (the "State Commission"), and by virtue of that position, as a member of the National Conference of Commissioners on Uniform State Laws ("NCCUSL").
The relevant restriction is set forth in Article VI § 20(b) of the Constitution, which states:
A . . . judge of the court of claims . . . may not:
 (1) hold any other public office or trust except an office in relation to the administration of the courts, member of a constitutional convention or member of the armed forces of the United States or of the state of New York.
We conclude that a position on the State Commission is a "public office or trust" under section 20(b) and that, therefore, a sitting judge on the Court of Claims may not hold such position.
Background
The State Commission is established pursuant to Executive Law § 165, which states:
 It shall be the object of the commission to examine various statutes and fields of law and to consult and cooperate with similar commissions in other states with a view to promoting uniform legislation throughout the United States whenever practicable. The commission may recommend such legislation as may accomplish its objective. It shall consist of five members appointed by the governor. The members shall hold office and may be removed at the pleasure of the governor. The commission shall serve without compensation, but each commissioner shall be entitled to receive his actual disbursements for his expenses in performing the duties of his office. . . . The commission shall report to the legislature whenever the commission deems it necessary and shall report to the legislature upon its request. Such reports shall consist of an account of the transactions of the commission and its advice and recommendations.
NCCUSL is an organization established "to promote uniformity in the law among the several states on subjects as to which uniformity is desirable and practicable." NCCUSL Const. Bylaws § 1.2. Under its bylaws, the members of NCCUSL "are the Commissioners on Uniform State Laws appointed by authority of the several States." Id., § 2.2. Thus, according to the bylaws, appointment to the State Commission, or a similar commission of another state, is the route by which one may become a member of NCCUSL.
Analysis
As noted above, New York State Constitution Article VI § 20(b) prohibits a sitting judge of the Court of Claims from holding "any other public office or trust." At issue here is whether the positions you identify are a "public office or trust" as defined by this provision. Before answering this question, it is helpful to explore the scope that has been accorded this restriction by the courts.
Case law provides only limited guidance on this point. The clearest statement on the meaning of the phrase "public office or trust" is set forth in Washington v. Nichols, 52 N.Y. 478 (1873), where the Court of Appeals interpreted the same Constitutional prohibition, at that time worded slightly differently,[1] as follows: "Office has been defined to be `an employment on behalf of the government in any station or public trust not merely transient, occasional or incidental.'"52 N.Y. at 484-85
(citations omitted). Citing legal commentary from that time, the Court added:
 [T]he idea of an office clearly embraces the idea of tenure, duration, fees or emoluments, rights and powers, as well as that of duty . . . . [T]he intrinsic meaning of the word [office] is well expressed by the old English word `place;' and the figurative terms `incumbent,' `swearing in,' `entering upon,' `vacating,' constantly applied to offices, have the same radical idea.
52 N.Y. at 485. At issue in Washington was a statute appointing three persons, one of whom was a judge of the New York Court of Appeals, to a committee to examine and make recommendations as to the authenticity and desirability of acquiring certain relics of George Washington for the State. 52 N.Y. at 480-81. The Court found the appointment of a judge to such a transient position did not violate the State Constitution because "it is very plain that the doing of such an act, a single act like this, is not within the meaning of the constitutional prohibition against `holding' any `other' office or public trust." 52 N.Y. at 485.
The term "public trust" has received even less attention from the courts than "public office." However, the Court of Appeals, commenting on theWashington case, noted: "Office was thus a species of which a public trust was the genus." In re Richardson, 247 N.Y. 401, 416 (1928) (Cardozo, J.). In other words, it appears that "public trust" has a broader connotation than "public office," encompassing positions that may lack the formality or permanence of an "office," but still serve the public and discharge governmental duties.[2]
Although there are few cases elucidating the meaning of the terms "public office or trust," the courts have clearly identified the policy interest underlying section 20(b)'s restriction barring a court of claims judge from holding any other such position. The prohibition against judges holding other "public office or trust" is intended "to conserve the time of the judges for the performance of their work as judges, and to save them from the entanglements, at times the partisan suspicions, so often the result of other and conflicting duties." Richardson,247 N.Y. at 420. More specifically, by restricting judges in this way, the prohibition preserves the separation of powers between the State's executive, legislative, and judicial branches. This principle has been most often expressed in cases under section 20(b) invalidating attempts by the Legislature to impose non-judicial duties on sitting judges. SeeRichardson, 247 N.Y. at 410 ("From the beginnings of our history, the principle has been enforced that there is no inherent power in Executive or Legislature to charge the judiciary with the administrative functions except when reasonably incidental to the fulfilment of judicial duties") (citations omitted); People v. Hall, 169 N.Y. 184, 195 (1901) (considering § 20(b): "Unless, therefore, it has some reasonable connection with a judicial purpose, it is not part of a judicial office and cannot be imposed upon a justice of the Supreme Court") (citations omitted); Prescott v. Ferris, 251 A.D. 113, 119 (4th Dep't 1937) ("The express purpose of the Constitution to keep separate the different departments of government must be considered in determining the significance to be given to the words `public trust' as used in the [Constitution Article VI, § 20]").
With these principles in mind, we turn to the question of whether the State Commission is a "public office or trust" as defined in section 20(b). Our analysis begins with the language of Executive Law §165, which establishes the State Commission. It describes the Commission as an "office," stating that its "members shall hold office and may be removed at the pleasure of the governor." Id. (emphasis added). This characteristic satisfies one of the key indicia of a "public office" set forth in Washington: a position that "embraces the idea of tenure, duration, fees or emoluments." 52 N.Y. at 485. Washington also describes a "public office" as including the idea of "rights and powers, as well as that of duty." Id. To be sure, the "rights and powers" of the Commission are largely advisory, as it does not exercise the traditional authority or decision-making powers of many other offices of State government; in this respect, the Commission appears similar to the committee deemed not to be a public office in Washington. However, the State Commission is charged with a statutory duty to "examine various statutes" and "to consult and cooperate with similar commissions in other states with a view to promoting uniform legislation throughout the United States whenever practicable." Exec. Law § 165. This duty to examine and consult regarding state laws appears to partake of the governmental function of planning, reviewing, and making recommendations. Thus, the State Commission is best viewed as exercising "rights and powers" — even though the Commission lacks the authority to enact or enforce the laws it recommends.
From a structural standpoint, the State Commission may also be considered a "public office or trust" because it effectively serves as an arm or instrument of other "public offices" in the legislative branch of government. The State Commission is charged with promoting and recommending uniform legislation among the states. It is to make reports to the Legislature upon the Legislature's request, and its reports are to include not just an account of the Commission's transactions but also its advice and recommendations regarding uniform legislation. Exec. Law § 165. The State Commission thus can be viewed as an instrument of the Legislature. By so serving the legislative branch, the State Commissioner plays a role in the administration of State government, supporting the conclusion that it is a "public office or trust." Cf.
N.Y. Pub. Off. Law § 3; supra n. 2.
Furthermore, the State Commission's accountability to the legislative branch of government implicates the rationales behind section 20(b)'s restriction: to conserve the time of judges for the performance of their work and to preserve the separation of powers. See Richardson,247 N.Y. at 411 ("The function of the judges `is to determine controversies between litigants.' They are not adjuncts or advisers, much less investigating instrumentalities, of other agencies of government.") (citations omitted), 420 ("conserve the time of judges . . . [and] save them from . . . entanglements").
Finally, the State Commission does not fall within the relevant exception to Article VI § 20(b), permitting a sitting judge to hold a public office "in relation to the administration of the courts." Id. In Peoplev. Hall, for instance, the Court of Appeals found that this exception permitted justices of the Appellate Division to appoint a special commissioner of jurors, finding an obvious relation between the "public trust" of appointing a commissioner of jurors and the judicial function.169 N.Y. at 194-96. The Court noted: "What, however, is more germane to the judicial function than the selection of proper jurors to aid in the administration of justice?" 169 N.Y. at 195. There is no basis in this case, however, to argue that a judge's involvement in an advisory commission designed to promote uniformity of law among the states is incidental to the judicial function. A judge's involvement with issues of state law uniformity may assist a judge in discharging his or her duties, but the State Commission has only tangential relation to the administration of the courts.
Accordingly, we conclude a sitting judge on the Court of Claims may not also sit on the State Commission under New York Constitution Article VI
§ 20(b).
Very truly yours,
ELIOT SPITZER, Attorney General
[1] The prohibition in question was worded as a bar on judges holding any other "office or public trust." Washington, 52 N.Y. at 484.
[2] In reaching the conclusion that the State Commission is a "public office or trust" and that sitting judges may, therefore, not hold positions on it, we have also considered the definition of "State Officer" as set forth in the New York Public Officers Law and as interpreted by the State courts. In applying that statute, the courts have described "public office" as "the right, authority, and duty created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." In re Haller v. Carlson, 42 A.D.2d 829,829 (4th Dep't 1973) (citations omitted).