J. Grant Zajas Informal Opinion Town Attorney No. 2006-5 Town of Evans 8787 Erie Road Angola, New York 14006-9600
Dear Mr. Zajas:
You have requested an opinion regarding the compatibility of the positions of deputy clerk for the Town and trustee of a village located within the Town. We are of the opinion that these positions are compatible and thus may be simultaneously held by one person.
A village trustee is elected and serves as a member of the village board of trustees, the legislative branch of village government. See Village Law §§ 3-301(3) and (4), 4-412. The deputy town clerk is appointed by the town clerk. Town Law § 30(10).
We are not aware of any constitutional or statutory provision that would prohibit the simultaneous holding of these two positions. Town Law § 20(4), prohibiting a person from holding more than one elective town office, would not apply because the individual would be holding only one town position, and it is an appointive position. Village Law § 3-300(3), prohibiting one person from simultaneously holding an appointive and an elective village office, similarly would not apply because the individual would be holding only an elective village office.
In the absence of a constitutional or statutory prohibition against dual office-holding, one person may hold two offices simultaneously unless they are incompatible. Two offices are incompatible if one is subordinate to the other or there is an inherent inconsistency between the two offices. See O'Malleyv. Macejka, 44 N.Y.2d 530, 535 (1978); People ex rel. Ryan v.Green, 58 N.Y. 295, 304-05 (1874); Matter of Dupras v. Countyof Clinton, 213 A.D.2d 952, 953 (3d Dep't 1995). Although in other contexts the differences between a public office and position of employment may be significant, the common law rules regarding dual office-holding apply equally to an office, which generally involves the exercise of sovereign authority and discretion,[1] and a position of employment. See Matterof Dupras v. County of Clinton, 213 A.D.2d at 953.
With respect to the positions of village trustee and deputy town clerk, neither position is responsible to the other, and thus neither is subordinate to the other. You have indicated that the duties of deputy town clerk are to assist the town clerk in the performance of his or her duties, and to act as town clerk in the event the town clerk is absent or unable to act. The town clerk's duties include maintaining the books and records of the town, making records of meetings and resolutions, certifying appointments, and issuing licenses and permits. Town Law § 30. We foresee no intersection of the duties of the position of deputy town clerk and those of village trustee that would require the subordination of the interests of one municipality to those of the other. We therefore conclude that one person may serve in both positions, subject to the requirement of Village Law § 33-00(4) that he or she be able to "fully discharge the duties and obligations of the village office while carrying out the duties and obligations" of the position of deputy town clerk.Cf. Op. Att'y Gen. (Inf.) No. 98-17 (trustee of one village may serve as clerk-treasurer of another village); Op. Att'y Gen. (Inf.) No. 84-63 (village trustee may serve as town tax collector); 1978 Op. Att'y Gen. (Inf.) 200 (elected village trustee may simultaneously hold appointive position of deputy town supervisor); 1954 Op. St. Comptr. No. 6665 (town clerk may also serve as village mayor).
Even where positions are compatible, in specific situations a conflict of interest may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter. See,e.g., O'Malley v. Macejka, 44 N.Y.2d 530, 533 (1978); Op. Atty. Gen. (Inf.) No. 98-17. Thus, in the event the responsibilities of the positions do conflict, the proper remedy would be for the individual to recuse him- or herself from participating in the matter.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] See, e.g., Haller v. Carlson, 42 A.D.2d 829, 829
(4th Dep't 1973) (distinguishing public officer and public employee for purposes of Public Officers Law); Op. Atty. Gen. No. 97-F7 (same).