In the Matter of the Application of CHARLES MACDONALD, Appellant, for a Writ of Mandamus against SAMUEL H. ORDWAY et al., Constituting the Civil Service Commission of the State of New York, Respondents.

**Boards of supervisors — county superintendent of highways — a board of supervisors has absolute and exclusive right to appoint a county superintendent of highways and fix his salary.**

1. A board of supervisors has the absolute and exclusive right to appoint the county superintendent of highways and to fix his salary and provide for the payment of his necessary expenses. (Highway Law [Cons. Laws, ch. 25], § 30; County Law [Cons. Laws, ch. 11], § 12, subd. 5, as amd. L. 1914, ch. 358.)

2. There does not appear to be any statute or rule of the state civil service commission directing or empowering it to state in the notice of an examination for applicants for a position the salary attached thereto. Hence, the commission has no authority to refuse to certify the salary of a county superintendent of highways, upon the ground that the salary fixed by the board of supervisors, at the time he was appointed, exceeded the salary stated in the notice published by the commission for the competitive examination of candidates for the position.

*Matter of MacDonald* v. *Ordway*, 174 App. Div. 518, reversed.

(Argued October 10, 1916; decided November 28, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 14, 1916, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendant to certify to the salary of petitioner as county superintendent of highways for the county of Westchester.

The facts, so far as material, are stated in the opinion.

*William A. Davidson* for appellant. The board of supervisors of the county of Westchester has the absolute power and right to fix the salary of the employees of the county of Westchester, regardless of the rules and regulations of the state civil service commission. (Highway Law, § 30, as amd. L. 1910, ch. 567; County Law, § 12, subd. 5, as amd. L. 1914, ch. 358.) The contention of the respondents that this is a promotion is unfounded and without any authority to sustain the contention. (*Lodholz* v. *Knox*, 58 App. Div. 541; *Holleran* v. *Creelman*, 148 App. Div. 121; *Murphy* v. *Bingham*, 130 App. Div. 112; *Rudd* v. *Cropsey*, 159 App. Div. 275; *Matter of Construction, Section 16, Civil Service Law*, 5 State Dept. Rep. 495; *Rudd* v. *Cropsey*, 215 N. Y. 451.)

*Egburt E. Woodbury, Attorney-General (James S. Y. Ivins* of counsel), for respondents.

COLLIN, J. The appellant applied for a peremptory writ of mandamus which should command the respondents, constituting the state civil service commission, to certify to the salary of the appellant as county superintendent of highways for the county of Westchester. The respondents had refused to certify to the salary upon the ground that the appointment of the relator at the salary claimed was illegal. The Special Term denied the application as a matter of law and not of discretion. The Appellate Division affirmed the order of the Special Term as a matter of law and not as a matter of discretion.

The conclusion of the respondents is based upon the facts that the notice to the public of the open competitive examination, under the Civil Service Law of the state, of the applicants for the office involved stated; "The salary of the position is $2,500," and the salary of the position fixed by the board of supervisors of Westchester county, when they appointed the appellant, was $5,000 per annum, with an allowance for expenses not to exceed $2,500 per annum. It is not claimed that the action of the board of supervisors was fraudulent, ill-advised or wasteful. The question presented is, was the appointment of the relator at the salary as stated, in and of itself, illegal.

The board of supervisors had the absolute and exclusive right to appoint the county superintendent of highways and to fix the salary and provide for the payment of his necessary expenses. The Highway Law declares that the term county superintendent, when used in it, shall mean the county superintendent of highways (Consolidated Laws, chapter 25, section 2, subd. 3), and provides: "The board of supervisors of any county may appoint a county superintendent, determine the amount of the bond which he shall give, fix his salary, which shall be a county charge, and may remove such county superintendent for malfeasance or misfeasance in office, upon written charges, after an opportunity to be heard, not less than five days after the service upon such superintendent of a copy of such charges. The term of office of each superintendent shall be four years unless sooner removed by the board of supervisors as above provided, or by the commission as hereinafter provided." (Section 30.) The general powers and duties of the superintendents are prescribed by section 33. The County Law enacts: The board of supervisors shall "have power to fix the amount and the time or manner of payment of the salary or compensation of any county officer or employee, except   *   *   *   (the exceptions are immaterial here)

and the term of office and mode of appointment  *  *  *
of any appointive county officer  *  *  *,  notwithstand-
ing the provisions of any general or special law fixing
the amount of such salary or compensation or the time
or manner of payment thereof  *  *  *,  or vesting in
any other board, body, commission or officer authority to
fix such term of office, or the amount of such salary
or compensation or the time or manner of payment
thereof  *  *  *;  and the power hereby vested in the
board of supervisors shall be exclusive of any other
board, body, commission or officer, except the authori-
ties of a county tuberculosis hospital, notwithstanding
any general or special law.    The salary or compensation
of an officer or employee elected or appointed for a
definite term shall not be increased or diminished during
such term." (Cons. Laws, chapter 11, section 12, subd. 5,
amd. L. 1914, chap. 358.)    Manifestly, the statutes place in
the board of supervisors the absolute and exclusive power
and authority to fix the salary of the county superintendent.
There is not any contravening or conflicting statute.    We
have not found or been referred to any statute or rule of
the civil service commission directing or empowering the
commission to state in the notice of an examination of
applicants for a position the salary attached to a position.
The courts below have asserted and the respondents
assert that the competitive examination contemplated by
the Constitution and statutes has not been held in the
present case because it was held for a $2,500 position and
not for a $5,000 position; and the accompanying argu-
ment is that the larger salary would attract a greater
number of and better qualified applicants.    In this par-
ticular case, the argument has not substantial weight.
The examination was by the notice and in fact restricted
to men who had been for at least three months legal resi-
dents of Westchester county.    This accorded with the
statutory provision that "No person shall be capable of
holding a civil office who shall not, at the time he shall

be chosen thereto, be of full age, a citizen of the United States, a resident of the state, and if it be a local office, a resident of the political subdivision or municipal corporation of the state for which he shall be chosen, or within which the electors electing him reside, or within which his official functions are required to be exercised." (Public Officers Law [Cons. Laws, ch. 47], section 3.) The rights and powers relating to the position of county superintendent constitute it a civil office (*Matter of Hathaway*, 71 N. Y. 238), and the statute so denominates it. (Highway Law [Cons. Laws, ch. 25], section 30.) Upon the hearing at the Special Term, the respondents introduced, without contradiction, in opposition to the application, a letter to them from the chairman of the board of supervisors stating: "It occurs to me that the only point your commission could raise would be that at a salary of $5,000 more applicants would take the examination and better qualified engineers would be available. Upon this point let me state that at the recent examination twenty-five actually took the examination and twenty-four passed. Personally I do not believe we have a single additional engineer left in the county who would take the examination if they had known the salary was to be $5,000." The argument that a greater number and better qualified applicants would have entered the examination had the larger salary been stated in the notice would seem baseless.

The examination fulfilled the requirements and intent of the Constitution and the statutes. As we have already stated, the commission declared the salary of the position without statutory direction or authority. Upon the expiration of the term of appellant's predecessor, the board of supervisors simply requested the commission "to hold an examination for the office of county superintendent of highways for the county of Westchester." The salary of the predecessor was $2,500. The absolute power and right to fix the salary of the successor was in the

board of supervisors and had not been exercised.   The statutes defined with clearness the general powers and duties of the office and restricted applicants to residents of Westchester county.   The notice of the examination declared:   "The duties of the position are to have general supervision of construction, improving and repairing bridges and town highways in the county.   Candidates should have thorough practical experience in the actual construction and maintenance of highways, and should be familiar with the highways of the county and their needs, and with the best means and material available for improvement of highways in the county.   They will be examined on the duties of the position as prescribed in the Highway Law, and on the methods and actual operations of improving and maintaining county and town highways."   In this case the salary could not indicate the duties or responsibilities of the office because they were defined by the statute. Unquestionably the examination was so framed and executed that it tested and disclosed satisfactorily to the commission and within the intent of the Civil Service Law the various qualifications of the applicants.   As a result of it, the commission placed the name of the appellant as one of the first three appearing on the eligible list.   In so far as the salary was of interest or importance to the applicants, they knew the relevant statutory provisions, and the facts were equally accessible to all interested persons.   There is no claim that any one was misled or deceived by the statement of the notice that the salary was $2,500.   There are, beyond doubt, within the jurisdiction of the Civil Service Law many positions, graded or otherwise, with salaries or compensation fixed by law or custom, in the description and explanation of which the commission may properly include the sum of the compensation for the greater information and guidance of the applicants.   The office in question is not of such a character.   The commission cannot either compel, directly or

indirectly, the board of supervisors to adopt the salary stated by them or bar the board from appointing a person, from those certified to them from the eligible list, at a salary agreed upon by them and the appointee at the time of the appointment.

The orders of the Appellate Division and the Special Term should be reversed, with costs in this court and the Appellate Division, and the application should be granted.

WILLARD BARTLETT, Ch. J., HISCOCK and CUDDEBACK, JJ., concur; CHASE, HOGAN and CARDOZO, JJ., dissent.

Orders reversed, etc.