In the Matter of the Application of DENNIS S. DAWSON, Respondent, for an Order of Mandamus Directed to JOHN A. KNOX, as Clerk of the Board of Supervisors of the County of Albany, Appellant.

Third Department, January 14, 1931.

*Joseph L. Delaney*, for the appellant.

*Wertime & Brady* [*John A. Brady* of counsel], for the respondent.

HILL, J.   The defendant appeals from a final order of peremptory mandamus and judgment which directs the payment to the petitioner of " back salary for the office of county attorney of the county of Albany for each and every month of the years of 1928, 1929, and the months of January and February of the year 1930," with interest and costs.

On January 14, 1908, the board of supervisors of Albany county adopted a resolution providing for the appointment of a county attorney pursuant to chapter 280 of the Laws of 1907.   Chapter 280 was incorporated in the County Law (Laws of 1909, chap. 16) as section 210 thereof.   The salary was fixed and the duties to be performed were described as follows: " *Third*, that it shall be the duty of such county attorney to be general legal advisor of the Board of Supervisors of said County and its several committees; to prosecute and defend all actions and proceedings brought by or against the

county of Albany or said Board of Supervisors, and its several officers and committees, and to perform such other duties as from time to time may be prescribed by law or directed by this Board." Chapter 280 of the Laws of 1907 reads: " § 210. Appointment, term of office and duties of county attorneys. The board of supervisors in any county may appoint a county attorney who shall be removable at its pleasure. The term of office of a county attorney so appointed shall be two years, unless sooner removed, and his salary shall be fixed by the board of supervisors and be a county charge. The board of supervisors may, by local law, prescribe the duties of the county attorney, which duties may include the services to town boards and town officials when not in conflict with the interests of the county." This section was amended (Laws of 1918, chap. 573) so that an incumbent could be removed during his term of office only for inefficiency, neglect of duty or misconduct, and after notice and an opportunity to be heard.

The petitioner was first appointed for part of an unexpired term and has been twice appointed for a full term of two years. The last appointment was by a resolution of the board of supervisors adopted on January 12, 1926, which provided for a term beginning on that date and ending on December 31, 1927. The record is barren of information as to what services, if any, the petitioner has rendered since December 31, 1927, but it appears that the clerk of the board of supervisors in a letter dated March 22, 1928, to the State Civil Service Commission, written in reply to a request by the Commission for information as to the reason that petitioner's name was not certified on the payroll of the county, stated that the board of supervisors had failed to designate a county attorney, and in substance that there was nothing due to the petitioner or any other person therefor. Nothing was done by the petitioner in connection with the salary until February 16, 1929, when he wrote defendant demanding his salary for the entire year 1928 and the month of January, 1929.

The trial court has determined that the position of county attorney is a public office, and that the petitioner was and is a public officer within the purview and intent of section 5 of the Public Officers Law which, in so far as it applies, provides: " Holding over after expiration of term. Every officer * * * having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified," and that petitioner's right to receive a salary followed as of course. (*Emmitt* v. *Mayor, etc., of New York*, 128 N. Y. 117.)

The line between a public office and public employment has not been too clearly marked by judicial expression, probably because the distinction is not too clear. The holder of a public office is in the employment of the public, but all those who are in the public employment are not public officials and do not hold public office. The duties of a public official involve some exercise of sovereign power — those of a public employee do not. The one has independent official status; the other has rights under a contract of employment. (*People ex rel. Hoefle* v. *Cahill*, 188 N. Y. 489, 494; *Fisher* v. *City of Mechanicville*, 225 id. 210; *People ex rel. Corkhill* v. *McAdoo*, 98 App. Div. 312; *People ex rel. O'Toole* v. *Hamilton*, Id. 59; *People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495; *Grieb* v. *City of Syracuse*, 94 App. Div. 133; *Matter of Flynn*, 65 Misc. 233; *Attorney-General* v. *Drohan*, 169 Mass. 534.)

Attorneys at law, before engaging in practice, public or private, are required to take an oath of office. In performing the duties incident even to private practice, they are engaged in the administration of justice; thus they come very near to being public officers. (*Robinson's Case*, 131 Mass. 376, 379.) An attorney while working for a private client is a quasi-public official and a recognized instrumentality in government so far as his client is concerned. But this official status as an attorney used under the direction and on behalf of a client with governmental powers does not make him a public official as those words are used in section 5 of the Public Officers Law. The board of supervisors of Albany county and its committees unquestionably did exercise sovereign power. This petitioner, as counsel and legal adviser to these bodies, counseled with them as to the scope of their power and the acts which they might legally do, and the supervisors, having consulted an expert in law as to their functions, acted. The status of a lawyer in such advisory capacity is not different from that of an engineer or architect. In giving advice or acting in court he exercised no sovereign power. His duties related not to the public but to the board of supervisors and its committees. (*People ex rel. Corkhill* v. *McAdoo, supra.*)

Whether or not an official oath is required is sometimes considered in determining whether an incumbent is an employee or an official. (*Meyers* v. *Mayor, etc., of New York*, 69 Hun, 291.) This petitioner took such an oath, but it was not required, either by the statute or the resolution of the board of supervisors. " An officer generally takes an oath of office, and an employee does not, and the defendant took such an oath. But one may not, by taking an oath of office, create an office of the United States and make himself its incumbent." (*Martin* v. *United States*, 168 Fed. 198, 203.) " Nor do

we find in the facts stipulated or in any law or ordinance the requirement of an official oath. It is said that the usual oath of office has sometimes and perhaps always been administered, but why administered we do not understand. The fact of its being taken cannot prove that the clerk is an officer; at most it could only evidence his belief that he was one, or perhaps his caution to observe all forms that possibly might turn out to be essential. It was, we think, a needless ceremony." (*People ex rel. Throop* v. *Langdon*, 40 Mich. 673, 685.)

The exact question presented here has not been determined in this State, but under a quite similar statute it was held that a village attorney was an employee (*Fisher* v. *City of Mechanicville, supra*) and that the attorney for an Indian tribe, designated by the chief under statutory authority, was an employee (*Adams* v. *Murphy*, 165 Fed. 304, 308.)

The judgment and order should be reversed on the law and facts and petitioner's petition dismissed, with costs.

All concur; DAVIS, J., in the result, with an opinion.

DAVIS, J. (concurring). I concur in the result. A majority of my associates hold that the office of county attorney is not a public office, but a public position only. I incline to the view that it is a public office created by an act of the Legislature; and that the resolution of the board of supervisors dated January 14, 1908, making the county attorney the general legal adviser of the board and its several committees, and authorizing him to prosecute and defend all actions and proceedings brought by or against the county or the board, imposed such duties and elements of sovereignty that the incumbent became a public officer. (*People ex rel. Kelly* v. *Common Council*, 77 N. Y. 503, 508.)

In general a public officer is one chosen by election or appointment to a public office duly established by law, in which he is required to perform duties either legislative, executive or judicial; and to have contact with the public acting in some capacity for their benefit in the exercise of such duties — as distinguished from employment in matters of mere administrative detail or in some subordinate clerical or advisory relation to another officer. There is involved in the term, in general, the elements of tenure, duration and emoluments. It implies that the incumbent has taken an oath of office, although this is not an infallible test. Here, as has been said, the county attorney had not only advisory relations with the board of supervisors, but acted in behalf of the public, particularly in the prosecution and defense of actions, in which capacity he must, to a large extent, act upon his own independent judgment.

It was duly found at Special Term without exception that the office was a permissive one. I think that was a correct legal conclusion. The resolution of the board of supervisors did not formally establish the office — it merely made an appointment to fill an office permissive under the statute. The petitioner's term ended on December 31, 1927. No successor was chosen. Therefore, it was unnecessary under the circumstances to adopt a resolution abolishing the office that had never been formally created. The failure to appoint was as effective in terminating the office as the appointment had been in initiating it.

Further than that, the petitioner acquiesced in the action of the board. So far as it appears, he made no effort to perform his duties and raised no question about the abandonment of the office or his claim to fill it and perform duties and receive a salary, until February 16, 1929. Under the circumstances, I think it was a part of his necessary proof to show that he had either performed the duties of the office, or had been ready and willing to perform them but had been prevented by the act of the board or otherwise. (*Colton* v. *Beardsley,* 38 Barb. 29, 50.) In fact, it was stated on the argument that the applicant had not performed any duties of the office. There is implied in the holding of public office, particularly where there are emoluments, that the officer shall render some service for the pay he seeks. Abandonment of an office may occur through nonuser by voluntary relinquishment or by election to another office. The intent is indicated by conduct. I think here there was an abandonment of the office both by the action of the board of supervisors in failing to fill it when the legal term expired, and by the acquiescence of the petitioner in failing to perform any duties and in making no claim to the position for more than a year. (*Colton* v. *Beardsley, supra,* 41; *People ex rel. Kelly* v. *Common Council, supra,* 509; *Scofield* v. *United States,* 174 Fed. 1; 22 R. C. L. 560, Public Officers, § 264, and cases cited; 46 C. J. 980.)

Order reversed on the law and the facts and petition dismissed, with costs.

The court reverses the findings of fact numbered 6, 7, 8, 9, 18, 19, 24, 26, 28 (the last three being reversed only in so far as there is an assumption that the position of county attorney is a public office), 29, 37, 38 and 39, and such findings of fact as are stated as conclusions of law; and makes a new finding that the position of county attorney of Albany county is not a public office; that the respondent was employed by the board of supervisors as county attorney until December 31, 1927, when his employment ended, and that he was paid for all services rendered under the employment.