■ In the Matter of THOMAS PETILLO, Appellant, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent.—Judgment, Supreme Court, New York County, entered January 26, 1978, dismissing article 78 proceeding to compel issuance of owner-trainer license, is unanimously reversed, on the law, without costs and without disbursements, vacated, and the matter is remanded to respondent the New York State Racing and Wagering Board for consideration and determination of petitioner's application for issuance of a license in accordance herewith. Petitioner is employed as a branch manager of the Orangeburg, New York, branch of the Catskill Regional Offtrack Betting Corporation (hereinafter Catskill OTB) at an annual salary of $11,000, working 39 hours a week, three days a week. Petitioner is apparently also a horse owner. His application for a license as owner-trainer was denied by respondent board, Division of Harness Racing, for the reason that he is a "public officer, public employee or party officer". This is apparently based on his employment by the Catskill OTB. The relevant statute (Pari-Mutuel Revenue Law, § 63, subd 1 [L 1940, ch 254, as amd]) provides that "No public officer, public employee or party officer" shall hold a license from the State Racing Commission or the State Harness Racing Commission. Respondent is the statutory successor to these agencies (Pari-Mutuel Revenue Law, § 201, subd 1). The statute contains a definition of public officer and public employee (§ 63, subd 3). It appears clear enough to us that petitioner is not an officer; he is not "an independent officer whose position is created, and whose powers and duties are prescribed, by statute and who exercises a high degree of initiative and independent judgment." *(Matter of O'Day v Yeager,* 308 NY 580, 586.)* He is an employee. But we think he is not a "public employee" as defined in the statute. For section 63 (subd 3, par [b]) states that, as used in that section, a public employee is "every person employed by the state or any municipality or other political subdivision thereof or by a local legislative body" (and who meets certain other specifications). Petitioner's employer Catskill OTB is a public benefit corporation (Pari-Mutuel Revenue Law, § 172, subd 1). In our view, it is thus not the State or any municipality or political subdivision thereof, and thus its employees are not public employees within the meaning of section 63.

Respondent's attorney suggests that there may be some conflict of interest which would justify respondent in not issuing a license to petitioner. We do not pass on that question. We hold only that petitioner is not a public employee within the meaning of section 63, and we remand the matter to the respondent for further action consistent with this holding. Concur—Birns, J. P., Silverman, Fein, Markewich and Sullivan, JJ.