■ In the Matter of JOHN D. LAKE, SR., Appellant-Respondent, v BINGHAMTON HOUSING AUTHORITY et al., Respondents-Appellants.—Levine, J. Appeals (1) from an order of the Supreme Court (Kuhnen, J.), entered May 27, 1986 in Broome County, which converted petitioner's application, brought pursuant to CPLR article 78, into an action for declaratory judgment and declared void certain provisions of petitioner's employment contract with respondent Binghamton Housing Authority, and (2) from an order of said court, entered September 11, 1986, which, *inter alia,* directed payment of termination benefits to petitioner pursuant to said employment contract.

In 1982 petitioner entered into a multiyear contract of employment with the Board of Directors (the Board) of the Binghamton Housing Authority (the Authority), a municipal corporation established pursuant to Public Housing Law § 425. The contract provided that petitioner was to serve an initial five-year term as executive director of the Authority and either party was given the option to unilaterally extend the contract for an additional five-year term. Subsequently, some four years later, the Board passed a resolution declaring the contract unconstitutional and void and announced that petitioner served at the Board's pleasure.

In response, petitioner commenced a CPLR article 78 proceeding seeking a judgment annulling the Board's resolution. Supreme Court converted the proceeding into an action for declaratory judgment and held void, on public policy grounds, so much of the parties' contract as provided for a term of employment which extended beyond the two-year terms of office of two of the Board members. Petitioner has appealed from this order.

Thereafter, the Board terminated petitioner's employment and failed to honor the provisions of the parties' contract regarding severance pay and other termination benefits. Petitioner then moved to clarify and resettle Supreme Court's order, seeking enforcement of the contract as to termination

benefits. Supreme Court declared the contractual provisions relating to those benefits valid and ordered their payment. Respondents have appealed from the resettled order. For the reasons which follow, we affirm both orders.

We reject respondents' initial contention that the term contract of employment was voided by NY Constitution, article XIII, § 2, which provides that when the duration of an office is not specified by the Constitution or by law, the office is held "during the pleasure of the authority making the appointment". This provision applies only to public officers (NY Const, art XIII, § 2; *Matter of Harrison Cent. School Dist. v Nyquist,* 59 AD2d 434, 436, *lv denied* 44 NY2d 645). A public officer, in contrast to a subordinate public employee, is a person whose position is created, and whose powers and duties are prescribed, by statute and who exercises a high degree of initiative and independent judgment *(Matter of O'Day v Yeager,* 308 NY 580, 586; *Matter of Haller v Carlson,* 42 AD2d 829). The creation and filling of the position must be mandatory *(Cain v Warner,* 45 App Div 450, 453; 18 NY Jur 2d, Civil Servants, § 4, at 539-540). Public Housing Law § 32 (1) provides that a public housing authority may employ, *inter alia,* a general manager and a secretary, and there is case law equating a public housing authority secretary with an executive director *(Matter of Driscoll v Troy Hous. Auth.,* 6 NY2d 513, 521-522; *Matter of Abele v Amsterdam Hous. Auth.,* 44 AD2d 632, 633). However, Public Housing Law § 32 (1) neither prescribes the duties and powers of a secretary/executive director nor does it mandate the creation or filling of that position. Hence, petitioner was not a public officer whose term of office was governed by NY Constitution, article XIII, § 2.

Although there was no constitutional infirmity, Supreme Court correctly ruled that the provision of the contract granting petitioner a minimum five-year tenure in office was void as against public policy. The Authority is "a public corporation which is a corporate governmental agency" (Public Housing Law § 3 [2]). In carrying out its legislative responsibilities and exercising its statutory option to create and then appoint petitioner to the sensitive position of executive director, the Authority was exercising a governmental function *(see, Morin v Foster,* 45 NY2d 287, 293). Therefore, public policy prevented the Board at the time it contracted with petitioner from binding its successors with respect to petitioner's employment *(see, Matter of Harrison Cent. School Dist. v Nyquist,* 59 AD2d 434, 436, *supra; Edsall v Wheeler,* 29 AD2d 622; *Abrams v Horton,* 18 App Div 208, 209-210; *Connelly v Commissioners of*

*Almshouse of City of Kingston,* 32 Misc 489, 491-492). Conced-edly, there were members of the Board when the contract was entered into whose terms of office expired within the term of the contract. Indeed, only one of the current members of the Board was so serving on the effective date of the employment agreement. Therefore, that successor Board could validly de-termine that it was not bound by the tenure provisions of petitioner's contract.

Supreme Court's original order clearly invalidated only the extended term provisions of petitioner's contract. Therefore, there was nothing inconsistent in Supreme Court's subsequent order granting petitioner the various termination benefits provided for in the contract, and that order should also be affirmed.

Orders affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.