■ In the Matter of COUNTY OF SUFFOLK et al., Respondents, v STATE OF NEW YORK et al., Appellants.—Levine, J. Appeal from a judgment of the Supreme Court (Ford, J.), entered December 15, 1986 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Comptroller denying petitioners reimbursement for certain investigatory and prosecutorial expenses.

In 1984, three persons holding the respective positions of automobile facilities inspector, motor vehicle inspector or investigator and motor vehicle license examiner with the State Department of Motor Vehicles, and one person holding the position of senior right-of-way agent with the State Department of Transportation, were indicted and ultimately pleaded guilty in the County Court of Suffolk County to bribery offenses under the Penal Law. All of the cases were prosecuted by the Suffolk County District Attorney's office. Following the convictions, petitioners, the County of Suffolk and its District Attorney, applied to respondents for reimbursement from the State of the expenses of prosecution pursuant to NY Constitution, article XIII, § 13 (b), which provides as follows: "Any district attorney who shall fail faithfully to prosecute a person charged with the violation in his county of any provision of this article which may come to his knowledge, shall be removed from office by the governor, after due notice and an opportunity of being heard in his defense. The expenses which shall be incurred by any county, in investigating and prosecuting any charge of bribery or attempting to bribe *any person holding office under the laws of this state,* within such county, or of receiving bribes by any such person in said county, shall be a charge against the state, and their payment by the state shall be provided for by law" (emphasis supplied). Respondent Comptroller denied reimbursement on the ground that the constitutional mandate applies only to bribery prosecutions involving public officers

and not public employees, and that the individuals prosecuted were merely State employees. Petitioners then brought this CPLR article 78 proceeding to annul that determination and compel reimbursement. Respondents appeal from Supreme Court's judgment granting the relief sought in the petition.

There should be a reversal. The mandate in question for reimbursement of prosecutorial expenses as to certain bribery cases is contained in the "Public Officers" article of the NY Constitution (art XIII). As quoted, the requirement of reimbursement of expenses for prosecuting bribery offenses involving "any person holding office under the laws of this state" was inserted to follow the provision in the same subsection mandating the removal of any District Attorney who fails "faithfully to prosecute a person charged with the violation in his county of *any provision of this article* which may come to his knowledge" (NY Const, art XIII, § 13 [b]; emphasis supplied). We agree with the Comptroller that the provision for reimbursement of expenses in prosecuting the giving or receiving of bribes involving "any person holding office under the laws of this state" should be construed in its context within the "Public Officers" article of the NY Constitution, and is therefore limited to prosecutions related to the bribing of public officers, as that phrase has been interpreted in various decisions applying article XIII and its implementing statute, the Public Officers Law.

Consistently in the case law, a line has been drawn between governmental positions of public office and of public employment *(see, e.g., Matter of O'Day v Yeager,* 308 NY 580; *Thompson v Hofstatter,* 265 NY 54; *Matter of Lake v Binghamton Hous. Auth.,* 130 AD2d 913; *Matter of Petillo v New York State Racing & Wagering Bd.,* 63 AD2d 952; *Matter of Haller v Carlson,* 42 AD2d 829). As we recently held in *Matter of Lake v Binghamton Hous. Auth. (supra,* at 914): "A public officer, in contrast to a subordinate public employee, is a person whose position is created, and whose powers and duties are prescribed, by statute and who exercises a high degree of initiative and independent judgment * * * The creation and filling of the position must be mandatory" (citations omitted). Petitioners have failed to establish that the persons whose bribery prosecutions are the subject of the instant proceeding were public officers under the foregoing criteria. There was no showing that their positions were created or their duties and responsibilities were prescribed by statute, let alone that there was a statutory mandate for the creating and filling of the positions. Indeed, there is nothing in the record to suggest

that these positions were other than ones administratively created and graded within the competitive civil service class by the employing State agency and the State Civil Service Commission under purely permissive general statutory authority. While it may be that the positions in question carry serious responsibilities and a degree of discretion in the manner in which those responsibilities are performed, the record more reasonably supports the inference that the positions were subordinate in the hierarchy of the agencies in which they were created and that the persons holding the positions were always subject to the direct and immediate supervision of superiors within those agencies.

It follows from the foregoing that the Comptroller correctly determined that the individuals whose bribery prosecutions are at issue here were merely public employees and not public officers. Therefore, the determination disallowing reimbursement under NY Constitution, article XIII, § 13 (b) should have been upheld.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Kane, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur. *[See,* 133 Misc 2d 538.]