Joseph D. Cerreto, Esq. Deputy Town Attorney, Carmel
You have asked whether members of the town's environmental conservation board and the town's wetlands inspector are subject to the residency requirements of section 3 of the Public Officers Law.
Section 3 establishes qualifications for holding public office and provides, in the case of a local office, that a person is ineligible to hold the office unless he is a resident of the locality. Also, he must remain a resident throughout his term of office (id., § 30).
The question is whether the positions under consideration are public offices subject to the requirements of sections 3 and30 of the Public Officers Law.
A determination as to whether an appointee is an officer rather than an employee requires a judgment whether the powers, duties, qualifications and other characteristics of the job make him an officer rather than an employee. The distinction between a public office and public employment is not always clear (Matter of Dawson v Knox, 231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power while those of a public employee do not (ibid.; Matter ofHaller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]). The statutory designation of a position as an office is some indication that the legislative body intended to treat its occupant as a public officer (cf., Matter of MacDonald v Ordway, 219 N.Y. 328, 332 [1916]; Matter ofHaller v Carlson, supra, p 830). Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term and receipt of a commission of office or official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933]). A public office is created by statute and its powers and duties are prescribed by statute (Matter of Lake v Binghamton Housing Authority, 130 A.D.2d 913, 914 [3d Dept, 1987]; Matter of County of Suffolk v State of New York,138 A.D.2d 815, 816 [3d Dept, 1988], affd 73 N.Y.2d 838 [1989]).
In a prior opinion, we compared a public office to a position of employment.
 "`Office' implies the obligation of a portion of the sovereign powers to, and the possession of it by, the person filling the office; and the exercise of such powers within legal limits constitutes the correct discharge of the duties of such office. The employee does not discharge independent duties but acts by the direction of others. The word `employee', used in a public sense, does not signify an agent or one vested with discretion as to the mode of performing his duties. Where the relation is one of master and servant we have the `employee', but the words `public officer' suggest the relation of principal and agent. The duties of a State officer are not prescribed by contract but by statute. A State officer includes every officer appointed by a State officer and authorized to exercise his functions throughout the State without limitation to any subdivision thereof. He is included in the classification of State officers or named in the statute with official duties to perform" (1911 Op Atty Gen 452).
It is clear that while there are several indicia of status as a public officer, one cannot qualify as a public officer without the authority to exercise a portion of the sovereign powers of government (Matter ofHaller v Carlson, supra). As compared to an employee who does not discharge independent duties but acts by the direction of others, a public officer is vested with discretion as to how he performs his duties (ibid.).
You have informed us that the environmental conservation board was established by local law and consists of five members appointed by the town board for terms of three years. The board has been charged with responsibility to protect wetlands within the town in accordance with standards that have been established by local law. This is accomplished through the delegation to the board of authority to issue permits with respect to designated activity that may pose a threat to wetlands. The board has the authority to issue or deny permits after public hearings and in accordance with standards established by local law. Additionally, the board is authorized to set conditions within a permit.
The town has provided by local law for the enforcement of the wetlands regulations by a wetlands inspector. You have indicated that the wetlands inspector issues code violations, stop work orders, appearance tickets and, in effect, functions as a code enforcement officer.
In our view, members of the environmental conservation board are public officers subject to section 3 of the Public Officers Law. It seems clear that they exercise sovereign powers of government in the exercise of discretion to approve or deny applications for permits with respect to wetland areas. In this role, these officers exercise discretion in applying general standards for protection of wetlands that have been established by local law.
In our view, the wetlands inspector also is a public officer subject to section 3 of the Public Officers Law. His authority to issue code violations, stop work orders and appearance tickets are an exercise of the sovereign powers of government. Further, the nature of his duties are not unlike those of a building inspector. The Legislature has recognized that a building inspector is a public officer (Public Officers Law, § 3[17]).
We conclude that the positions of member of the environmental conservation board and wetlands inspector are public offices subject to the residency requirements of section 3 of the Public Officers Law.