Requestor: Mark C. Taylor, Office of Town Attorney Town of Newburgh 20-26 Union Avenue Extension Newburgh, New York 12550
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether members of a Conservation Advisory Council or a Conservation Board are public officers. Second, you have inquired whether a town board by local law may amend or supersede the provisions of State law dealing with the terms of members of a Conservation Advisory Council and the powers and duties of a Council.
A determination of whether an appointee is an officer subject to the provisions of section 3 of the Public Officers Law rather than an employee requires a review of the powers, duties, qualifications and other characteristics of his position. The distinction between a public office and public employment is not always clear (Matter of Dawson vKnox, 231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power while those of a public employee do not (ibid.; Matter of Haller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]). A public officer is a person whose position is created, and whose powers and duties are prescribed by statute and who exercises a high degree of initiative and independent judgment (Matter of County ofSuffolk v State of New York, 138 A.D.2d 815, 816 [3d Dept, 1988], affd73 N.Y.2d 838 [1988]; Matter of Lake v Binghamton Housing Authority,130 A.D.2d 913, 914 [3d Dept, 1987]). Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term and receipt of a commission of office or an official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933]).
Thus, a position cannot constitute a public office unless the occupant is authorized to exercise sovereign powers of government. The local legislative body of a city, town or village may create a Conservation Advisory Council to render advice in the development, management and protection of the municipality's natural resources (General Municipal Law, § 239-x). Generally, the Council is responsible for identifying open land areas within the municipality, for obtaining information regarding the proper utilization of this land and for advising municipal officials regarding the recommended use of this land (ibid.). The local legislative body of a municipality that has created a Conservation Advisory Council by resolution may designate it a Conservation Board, provided the Council has prepared and submitted to the local legislative body the open area inventory and map and that body has approved the inventory and map as the open space index of the municipality (id.,
§ 239-y[1][c] and [2]). Once established, "a conservation board shall" review applications seeking approval for the use or development of open land areas listed in the open space index as submitted to the local legislative body, the building department, zoning board, planning board, board of appeals or other administrative body (id., § 239-y[3][a]). The Board is required to submit, within 45 days of receipt of an application, a written report to the referring body evaluating the proposed use or development of the open area in terms of the overall planning objectives of the municipality (ibid.). The report must include recommendations as to the most appropriate use or development of the land and may include preferable alternate use proposals (ibid.).
In our view, neither the members of a Conservation Advisory Council nor of a Conservation Board are public officers. The members of these bodies do not exercise sovereign powers of government. Their roles are purely advisory. Conservation Advisory Councils identify open land areas and advise municipal officials as to the recommended use of this land. Conservation Boards have the additional advisory responsibility of reviewing applications before other municipal bodies, involving land areas listed in the open space index, and to make recommendations as to the most appropriate use or development of the land in question. Further, the payment of compensation to members of these bodies does not affect their status.
Second, you ask whether a town board is authorized by local law to amend or supersede provisions of State law dealing with the powers and duties of a Conservation Advisory Council and the terms of its members.
We have previously concluded that towns, villages and cities are authorized to adopt zoning regulations by local law (1982 Op Atty Gen [Inf] 151). This conclusion was founded on the authorization for such local governments to adopt local laws in exercising the authority granted to them in the Statute of Local Governments (Municipal Home Rule Law, § 10[1][ii][a][14]), and the grant by the Statute of Local Governments of the authority to adopt zoning regulations (id., § 10[6]). Additionally, local governments are empowered to adopt local laws relating to the government, protection, order, conduct, safety, health and well-being of persons or property therein (id., § 10[1][ii][a][12]). Further, local governments are authorized to adopt local laws relating to the powers, duties, qualifications, and other terms and conditions of employment of their officers and employees (id.,
§ 10[1][ii][a][1]). Local laws adopted under these authorizations must be consistent with the Constitution and with "general laws" enacted by the State Legislature (id., § 10[1][ii]). Also, the Legislature may restrict the adoption of a local law relating to a subject outside the property, affairs and government of a local government (ibid.).
In our opinion, the proposed modification of a Conservation Advisory Council's powers and the terms of its members falls within the scope of home rule power cited above. However, you are concerned that such a local law would be inconsistent with a general law. A general law is "a state statute which, in terms and in effect applies alike to all counties, all counties other than those wholly included in a city, all cities, all towns or all villages" (id., § 2[5]).
The decision to establish a Conservation Advisory Council is discretionery (General Municipal Law, § 239-x[1]). In our opinion section 239-x of the General Municipal Law is not a general law in the home-rule context. It does not in terms and in effect apply alike to all towns. By its terms, it establishes standards only in those towns which create a Conservation Advisory Council. In effect, it applies only to those towns that have taken this action. In Johnson v Etkin, 279 N.Y. 1
(1938), the question was whether the Optional City Government Law was a general law, thus requiring that a local law amending the city charter be consistent with its provisions. The Court determined that the statute was not a general law.
 "The Optional City Government Law is not binding upon all cities; only eight so far have chosen to come within it. It is optional. It may or may not become a part of the city charters and is dependent for operation upon the electors of each city. This is not a general law, immediately affective nd operative in all cities alike. It may operate in one city when adopted and not in another. Its effectiveness as a law — its force as a law is not general; it would only become general in effect when adopted by all cities in one form or another" (id., p 6).
Section 239-x of the General Municipal Law similarly establishes options for towns, cities and villages, and, therefore, is not a general law. A local law need not be consistent with its provisions.
Thus, in that section 239-x of the General Municipal Law is not a general law, a local law may be enacted modifying the powers of a Conservation Advisory Council and the terms of its members which is inconsistent with that section.
We conclude that members of Conservation Advisory Councils and Conservation Boards are not public officers. A local government, through the enactment of a local law, may modify the powers of a Conservation Advisory Council and the terms of its members as established by State law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.