Requestor: John L. Rizzo, Genesee County Attorney Genesee County Building No. 1 Batavia, N.Y. 14020
Written by: Frank K. Walsh, Assistant Attorney General
You have asked whether a county election commissioner who holds the office of appointed town manager for one of the towns within that county may continue to hold the office of election commissioner.
Your letter notes that one of the current county election commissioners for Genesee County recently was appointed to the position of town manager for the Town of Batavia which is located in Genesee County.
Section 3-200(4) of the Election Law provides that no person shall continue to hold the office of election commissioner if he or she holds any other public office except that of commissioner of deeds, notary public, village officer, city or town justice, or trustee or officer of a school district outside of a city. Town manager is not within the above exceptions.
In our view, the position of town manager is a public office subject to the restrictions of section 3-200(4) of the Election Law. A determination of whether a position is an office rather than a position of employment requires a review of the powers, duties, qualifications and other characteristics of the position. The distinction between a public office and public employment is not always clear (Matter of Dawson v Knox,231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power while those of a public employee do not (ibid.; Matter of Haller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]). A public officer is a person whose position is created, and whose powers and duties are prescribed by statute and who exercises a high degree of initiative and independent judgment (Matter of County ofSuffolk v State of New York, 138 A.D.2d 815, 816 [3d Dept, 1988], affd73 N.Y.2d 838 [1988]; Matter of Lake v Binghamton Housing Authority,130 A.D.2d 913, 914 [3d Dept, 1987]). Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term and receipt of a commission of office or an official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933]).
Section 58 of the Town Law authorizes the establishment of the "office" of town manager. Section 58-a provides that the town manager is the chief administrative officer of the town. Thus, the town manager exercises sovereign powers. We conclude that the town manager is a public officer. Therefore, under the Election Law an individual who holds the position of town manager may not continue to hold the position of election commissioner.
We conclude that a person who holds the position of town manager may not continue to hold the position of election commissioner.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.