Requestor: Amy C. Bartlett, Esq., City Attorney City of Watervliet 90 State Street, Suite 1522 Albany, New York 12207
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve simultaneously as a member of a board of education and as a city officer. You have informed us that the individual in question is a long-standing member of the city's board of education and recently assumed the part-time position of city sealer of weights and measures.
Your concern is section 2502(7) of the Education Law which provides
 "that no person shall hold at the same time the office of member of the board of education [of a school district of a city with less than 125,000 inhabitants] and any city office other than as a policeman or fireman. . .".
Your city is covered by this provision. Thus, your question turns on whether the position of city sealer of weights and measures is a public office.
A determination of whether an appointee is an officer rather than an employee requires a review of the powers, duties, qualifications and other characteristics of his position. The distinction between a public office and public employment is not always clear (Matter of Dawson vKnox, 231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power while those of a public employee do not (ibid.; Matter of Haller v Carlson, 42 A.D.2d 829 [4th Dept, 1973]). A public officer is a person whose position is created, and whose powers and duties are prescribed by statute and who exercises a high degree of initiative and independent judgment (Matter of County ofSuffolk v State of New York, 138 A.D.2d 815, 816 [3d Dept, 1988], affd73 N.Y.2d 838 [1988]; Matter of Lake v Binghamton Housing Authority,130 A.D.2d 913, 914 [3d Dept, 1987]). Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term and receipt of a commission of office or an official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933]).
Counties are required to institute weights and measures programs and must appoint a county director of weights and measures (Agriculture and Markets Law, § 180[1]). Any city which maintained a weights and measures program on January 1, 1976 may continue the program under a city director of weights and measures (id., § 180[2]).
We note that section 180 refers to "the office of city director of weights and measures" (id., § 180[2][a]; emphasis supplied). The director of weights and measures has responsibility to administer, supervise and enforce the provisions of article 16 of the Agriculture and Markets Law and rules and regulations adopted thereunder (id., § 181[1]; see 1 NYCRR Part 220. In the performance of his official duties, he has access to all places of business and may stop any vendor or dealer for the purpose of making any inspection and tests (id., § 181[4]). He may weigh, measure and inspect packed commodities to determine whether they contain the amounts represented and are offered for sale in accordance with State rules and regulations (id., § 181[6]). Upon finding a violation, the director is to ensure that the violation is corrected or, where there is evidence of intent to defraud, refer the evidence of the violation to the district attorney (id., § 181[7][a]). Whenever a weighing or measuring device or system is found to not correspond to required standards, the director of weights and measures may condemn the equipment and either seize it or order it repaired or removed (id., § 184[1]). Additionally, these officials are empowered to issue stop-use orders and removal orders with respect to weights and measures devices and systems (id., § 185[1]).
In our view, the extensive discretion granted to directors of weights and measures under State law amounts to the exercise of sovereign power by these officials. Additionally, the Legislature has referred to these positions as offices. It is our view that in light of their extensive investigatory and enforcement authority in carrying out weights and measures programs, city directors of weights and measures are "officers" of the city.
We conclude that a person may not at the same time serve as a member of a board of education of a city with less than 125,000 inhabitants and as a city director of weights and measures.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.