Paul Riordan, Esq. Informal Opinion Town Attorney No. 95-4 Town of Mendon 16 West Main Street Honeoye Falls, N Y 14472-1199
Dear Mr. Riordan:
You have asked whether a member of a town conservation board is required to reside in the town.
Under section 3 of the Public Officers Law, no person may hold a local public officewho is not a resident of the locality. The determination of your inquiry, therefore, depends upon whether the members of the board are public officers.
A determination as to whether an appointee is an officer rather than an employee requires a review of the powers, duties, qualifications and other characteristics of the job. The distinction between a public office and public employment is not always clear. Matter of Dawson v Knox,231 App. Div. 490, 492 (3d Dept 1931). The duties of a public official involve some exercise of sovereign power while those of a public employee do not. Ibid.; Matter of Haller v Carlson, 42 A.D.2d 829 (4th Dept 1973). The statutory designation of a position as an office is some indication that the legislative body intended to treat its occupant as a public officer. Cf., Matter of MacDonald v Ordway, 219 N.Y. 328, 332
(1916); Matter of Haller v Carlson, supra, p 830. Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term and receipt of a commission of office or official seal. Macrum v Hawkins, 261 N.Y. 193, 200-201 (1933). A public office is created by statute and its powers and duties are prescribed by statute. Matter of Lake v Binghamton Housing Authority,130 A.D.2d 913, 914 (3d Dept 1987); Matter of County of Suffolk v Stateof New York, 138 A.D.2d 815, 816 (3d Dept 1988), affd., 73 N.Y.2d 838
(1989).
Thus, while there are several indicia of status as a public officer, one cannot qualify as a public officer without the authority to exercise sovereign powers of government. A public officer is vested with discretion as to how he or she performs duties. A body that is purely advisory in nature would not instill upon its members public officer status.
You concur with a letter by Ms. Himes, the member of the town conservation board who precipitated this inquiry. She indicates that the Town of Mendon's conservation board is strictly advisory. The board has no discretionary powers and exercises no authority over the issuance of permits. The board's function is to analyze the environmental impact of projects referred to them by the planning board and to make recommendations to the planning board. Also, the conservation board makes recommendations to the planning board concerning other issues such as open space and recreation planning.
Since the town's conservation board is strictly advisory and is not empowered to make any decisions, its members are not public officers and, therefore, need not reside within the town.
We conclude that the members of the Town of Mendon's conservation board need not reside within the town since they are not public officers.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions