Paul D. Weiss, Esq. Informal Opinion Village Attorney No. 95-40 Village of Depew Municipal Building 85 Manitou Street Depew, N Y 14043
Dear Mr. Weiss:
You have asked whether the position of building inspector is a village office in the Village of Depew within the meaning of Village Law §3-300(2) and whether a person residing outside the village is eligible, if otherwise qualified, to be appointed to hold the position of building inspector.
Under section 3-300(2), among other requirements, a person may not hold a village office, except as may otherwise be provided by law, who is not a resident of the village. The language "except as may otherwise be provided by law" in the provision is apparently a reference to the numerous special laws enacted by the Legislature to permit outside residence. See, Village Law § 3-300(6-13).
Thus, under section 3-300(2), if the powers and duties of the building inspector in your village give the position public officer status, residency in the village would be required.
A determination as to whether an appointee is an officer rather than an employee requires a judgment whether the powers, duties, qualifications and other characteristics of the job make him an officer rather than an employee. The distinction between a public office and public employment is not always clear. Matter of Dawson v Knox, 231 App. Div. 490, 492 (3d Dept 1931). The duties of a public official involve some exercise of sovereign powers while those of a public employee do not. Ibid.; Matterof Haller v Carlson, 42 A.D.2d 829 (4th Dept 1973). The statutory designation of a position as an office is some indication that the legislative body intended to treat its occupant as a public officer.Matter of MacDonald v Ordway, 219 N.Y. 328, 332 (1916); Matter of Hallerv Carlson, supra, p 830. Other indicia of a public office are the requirement to take an oath of office or file bonds, appointment for a definite term and receipt of a commission of office or official seal.Macrum v Hawkins, 261 N.Y. 193, 200-201 (1933). A public office is created by statute or local law and its powers and duties are prescribed by statute or local law. Matter of Lake v Binghamton Housing Authority,130 A.D.2d 913, 914 (3d Dept 1987); Matter of County of Suffolk v Stateof New York, 138 A.D.2d 815, 816 (3d Dept 1988), affd, 73 N.Y.2d 838
(1989).
In a prior opinion, we compared a public office to a position of employment.
 `Office' implies the obligation of a portion of the sovereign powers to, and the possession of it by, the person filling the office; and the exercise of such powers within legal limits constitutes the correct discharge of the duties of such office. The employee does not discharge independent duties but acts by the direction of others. The word `employee', used in a public sense, does not signify an agent or one vested with discretion as to the mode of performing his duties. Where the relation is one of master and servant we have the `employee', but the words `public officer' suggest the relation of principal and agent.
1911 Op Atty Gen 452.
It is clear that while there are several indicia of status as a public officer, one qualifies as a public officer by exercising a portion of the sovereign powers of government. Matter of Haller v Carlson, supra. As compared to an employee who does not discharge independent duties but acts by the direction of others, a public officer is vested with discretion as to how he performs his duties. Ibid.
Your building inspector, under a village law you have forwarded to me and as confirmed in our telephone conversation, is the enforcement officer with respect to regulations in the following areas — housing, zoning, subdivision, unsafe buildings and air pollution, the Multiple Residence Law of the State of New York, the Uniform Fire Prevention and Building Code of the State and in other areas assigned by the village board of trustees.[1]
In Haller, supra, the sole issue presented to the Court was whether the position of building inspector is a public office. The Court decided that the building inspector of the Town of Ellicott is an officer in that the local law creating the position gave him the power of general and executive administration of the zoning ordinances and State law gave him the power of enforcement of various codes, ordinances and regulations.Haller, supra, 42 A.D.2d at p 830. "His functions and duties directly affect the citizens of the town and involve the exercise of the police powers of a political subdivision." Ibid. In prior opinions of this office, we have concluded that building inspectors are public officers. Op Atty Gen (Inf) No. 91-37; 1976 Op Atty Gen (Inf) 205. We note that section 3 of the Public Officers Law establishes residency requirements for local officers. Specific exceptions to the requirement of residency in the appointing municipality have been established for town building inspector. Public Officers Law § 3(22), (30). This is an indication that the Legislature has viewed this position as an office.
In our view, the powers and duties granted to your building inspector give him public officer status. He is responsible for enforcement of regulations and, therefore, exercises sovereign powers of government. His decisions are discretionary and directly affect the residents of the village. He exercises a portion of the police powers of the local government. You have pointed out, however, that the building inspector is not specifically listed as an officer. Village Law § 3-301. While specific offices are listed, the statute provides that other offices may be established by the board of trustees. Id., § 3-301(2)(c). In any event, the statement in a statute that a position is a public office is an indicator of that status but is not determinative.Haller, supra.
You also point out that your building inspector is in a non-competitive position of the civil service and that under your local civil service rules non-competitive positions are held by employees whereas officers are placed in exempt positions. Under the definition of the non-competitive class in State law, we see no basis for a determination that all public officers must be excluded. Civil Service Law §42(1). The non-competitive class includes all positions not in the exempt or labor class for which it is found to be impracticable to ascertain merit and fitness of applicants by competitive examination. Ibid. Appointments to positions in the non-competitive class are made after non-competitive examination.
You have referred to an opinion of the Attorney General concluding that a village building inspector is not a village officer. 1968 Op Atty Gen (Inf) 26. That opinion is distinguishable in that it was found that the building inspector did not exercise the sovereign powers of the village but instead was a village employee.
While we have found that your building inspector is a public officer, the village board of trustees may provide that any appointed village officer may reside anywhere in the county within which the village is wholly or partially located. Village Law § 3-300(2). The board of trustees may take this action by resolution.
We conclude that the building inspector of the Village of Depew is a public officer and, therefore, must reside within the village. The board of trustees may, however, enact a resolution to authorize the building inspector to reside anywhere in the county within which the village is wholly or partially located.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions
[1] As we discussed, this opinion can be used as a guide in determining residency requirements for other positions. I.e., your plumbing and sewer inspector and fire marshal.