David D. Scaglione, Esq. Informal Opinion Town Attorney No. 97-48 Town of Lewis P. O. Box 309 Willsboro, N Y 12996
Dear Mr. Scaglione:
You have inquired whether an individual must be a citizen of the United States in order to qualify for holding the position of town court clerk. You have explained that the person currently occupying the position of court clerk is a Canadian citizen who has been married to a United States citizen for 18 years. She has been living in your town during that period of time.
You have listed the functions of her position as typing letters, photocopying, posting mail, sending out collected fines and receipts, data entry into the court docket and preparing bank deposits. Further, you have indicated that the clerk has taken the civil service examination and has been classified as an ordinary clerk. This classification occurred in 1989 and her functions, as described above, have remained the same since that time. You have suggested that the answer to your question may hinge on whether the town court clerk qualifies as a public officer.
Under section 3(1) of the Public Officers Law, among the qualifications for holding a public office are the requirements that the person be a citizen of the United States, a resident of the State and, if the position is a local office, a resident of that political subdivision or municipal corporation.
The characteristics of a public office as compared to a position of employment have been defined. A determination as to whether an appointee is an officer rather than an employee requires a judgment whether the powers, duties, qualifications and other characteristics of the job make him or her an officer rather than an employee. The distinction between a public office and public employment is not always clear. Matter of Dawsonv. Knox, 231 App. Div. 490, 492 (3d Dept 1931). The duties of a public officer involve some exercise of sovereign powers while those of a public employee do not. Ibid.; Matter of Haller v. Carlson, 42 A.D.2d 829 (4th Dept 1973). The statutory designation of a position as an office is some indication that the legislative body intended to treat its occupant as a public officer. Matter of MacDonald v. Ordway, 219 N.Y. 328, 332 (1916);Matter of Haller v. Carlson, supra, p 830. Other indicia of a public office are the requirement to take an oath of office or file a bond, appointment for a definite term and receipt of a commission of office or official seal. Macrum v. Hawkins, 261 N.Y. 193, 200-201 (1933). A public office is created by statute or local law and its powers and duties are prescribed by statute or local law. Matter of Lake v. Binghamton HousingAuthority, 130 A.D.2d 913, 914 (3d Dept 1987); Matter of County ofSuffolk v. State of New York, 138 A.D.2d 815, 816 (3d Dept 1988), affd,73 N.Y.2d 838 (1989).
In a prior opinion, we compared a public office to a position of employment.
 "Office" implies the obligation of a portion of the sovereign powers to, and the possession of it by, the person filling the office; and the exercise of such powers within legal limits constitutes the correct discharge of the duties of such office. The employee does not discharge independent duties but acts by the direction of others. The word "employee", used in a public sense, does not signify an agent or one vested with discretion as to the mode of performing his duties. Where the relation is one of master and servant we have the "employee", but the words "public officer" suggest the relation of principal and agent.
1911 Op Atty Gen 452, 454.
Therefore, it is clear that while there are several characteristics of status as a public officer, a person may not qualify as a public officer unless he or she exercises a portion of the sovereign powers of government. Unlike an employee who does not discharge independent duties but acts by the direction of others, a public officer has discretion as to how he or she performs his or her duties.
The establishment of the position of justice court clerk of a town justice court is entirely in the discretion of the governing body, the town board. Uniform Justice Court Act § 109; Op Atty Gen (Inf) No. 88-4. The town board may establish the position of clerk and determine the terms and conditions of employment of that individual. In this case, you have indicated that the justice court clerk occupies a competitive civil service position. We note that the actual selection or discharge of a justice court clerk is subject to the advice and consent of the town justice or justices. Town Law § 20(1)(a).
Applying the standards for determining public officer status, we conclude that your town justice court clerk is not a public officer, and thus not subject to the citizenship requirement of Public Officers Law §3(1). In our view, the clerk performs ministerial duties under the direction of the town justice or justices. While the clerk has substantial responsibility to account for large sums of cash from fines, fees and forfeitures and exercises other responsible functions, the town justice or justices are individually accountable and liable for the large sums of cash collected and for ensuring that the court functions properly. See, Op Atty Gen (Inf) No. 91-49. Therefore, it is our view that the clerk does not perform sovereign powers of government and, therefore, is not a public officer.
We note that section 111 of the Uniform Justice Court Act requires "each non-judicial employee" of justice courts to take the oath of office prescribed by law and file a bond in an amount set by the local legislative body, which is conditioned upon the faithful performance of the duties of the position. Also, we are aware of the provisions of section 3(8) of the Public Officers Law, which states that the residency requirements of section 3(1) are not applicable to appointive non-judicial positions in the courts of the State "except those appointed to positions in courts for towns, villages and cities outside the city of New York". See also, Op Atty Gen (Inf) No. 83-63. In our view, these provisions should not be construed to mean that non-judicial positions in town courts are subject to all of the qualifications for holding public office. These provisions establish specific requirements for non-judicial positions in the local courts. Otherwise, ministerial employees, such as the court clerk, secretaries and others working for the town court would be subject to public officer requirements, a finding clearly inconsistent with the definition of public officer status in opinions of this office and decisional law.
Further, a requirement that the town justice court clerk be a citizen of the United States would be inconsistent with established law protecting the rights of legal aliens. See, Cabell v. Chavez-Salido, 454 U.S. 432
(1982).
We conclude that the clerk of a town justice court is not a public officer and, therefore, is not required to be a citizen of the United States.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions