OPINION OF THE COURT
Dennis K. McDermott, J.
On May 21, 2015, a grand jury handed up a sealed indictment charging the defendant with two counts of grand larceny in the third degree (class D felonies) and 12 counts of falsifying business records in the first degree (class E felonies). This decision will address two of the defendant’s pretrial motions, the first being a motion to dismiss based on the alleged untimeliness of the prosecution and the second asking for the court to review the presentation made to the grand jury and to dismiss the indictment and/or reduce the counts contained therein.
The defendant had been employed by SUNY Morrisville as an associate professor until March 2, 2011 at which time she was suspended without pay and proceedings were commenced to terminate her employment.[1] The terms of her employment required her to teach classes on specified days during the academic year, so-called “days of obligation.” Outside of those days, she was free to pursue other employment. Defendant avers that she acted as an advisor to the college radio station and did so as an independent contractor outside the scope of her duties as a college professor. In her advisor capacity, she submitted invoices to the Student Government Office (SGO) that had been issued to the radio station by two companies, Gator Page Productions and QT Terrier Productions. These invoices are the subject of counts 3 through 14 and their dates are as follows:
Count 3: June 6, 2002
Count 4: November 6, 2002
Count 5: March 14, 2003
Count 6: September 17, 2003
Count 7: February 2, 2004
Count 8: July 7, 2004
Count 9: July 6, 2005
Count 10: July 12, 2006
Count 11: July 19, 2007
Count 12: July 8, 2008
*213 Count 13: July 9, 2009
Count 14: July 12, 2010
The invoice issued on July 12, 2010 was in the amount of $4,700 and that is the subject of grand larceny charge contained in count 1 of the indictment. The remaining invoices were in the aggregate amount of $41,650. Each invoice was rendered in connection for some service allegedly provided by the vendor to the radio station, principally processing paperwork and remitting fees in connection with licensing by the Federal Communications Commission (FCC) and other organizations such as Broadcast Music, Inc. (BMI), American Society of Composers, Authors and Publishers (ASCAP), etc.
Acting on a complaint, the office of the State Inspector General investigated and it determined that (a) because the radio station’s low wattage would not send its signal anywhere outside the campus, the station did not need FCC licensing, (b) that all fees payable to such entities as BMI and ASCAP are paid by the State University system centrally and not by any of the individual schools within the system, and (c) that both of the vendors were companies formed by the defendant herself which the defendant evidently had not disclosed. Effectively, then, the defendant was allegedly issuing invoices under assumed business names, approving them, and then causing payment to be made, ultimately to herself, for services that were either wholly unnecessary or not performed at all.
Timeliness of the Prosecution
The defendant argues that the charges alleged to have occurred prior to May 21, 2010 are untimely and must be dismissed under Criminal Procedure Law § 30.10. CPL 30.10 (1) provides that a criminal action must be commenced within the time limitations set forth and, as relevant here, subdivision (2) (b) would require these felonies to be charged no later than five years after the date of alleged commission.
The District Attorney argues that the statute provides an exception which is applicable here:
“3. Notwithstanding the provisions of subdivision two, the periods of limitation for the commencement of criminal actions are extended as follows in the indicated circumstances: . . .
“(b) A prosecution for any offense involving misconduct in public office by a public servant . . . may be commenced against a public servant ... at any *214 time during such public servant’s service in such office or within five years after the termination of such service . . . (CPL 30.10 [3] [b].)
The defendant argues that the acts alleged were not done by her as a public servant and that the exception to the five-year statute of limitations is inapplicable.
Assuming, without deciding, that the defendant was acting as a “public servant,”[2] the key is whether she, as a public servant, committed the crimes alleged “in public office.” A public office is one that is held by a person who is not simply an employee but an independent officer, one who holds a position created by statute and whose powers and duties are prescribed by statute. A public officer exercises a high degree of initiative and independent judgment. (Matter of O’Day v Yeager, 308 NY 580, 586 [1955]; Matter of County of Suffolk v State of New York, 138 AD2d 815, 816 [3d Dept 1988], affd 73 NY2d 838 [1988].)
Thus, one can be a public employee or public servant without necessarily holding a public office. (Held v Hall, 191 Misc 2d 427, 442 [Sup Ct, Westchester County 2002].) The distinction is that the duties of a public official involve some exercise of sovereign power—those of a public employee do not. The one has independent official status; the other has rights under a contract of employment. (Matter of Dawson v Knox, 231 App Div 490, 492 [3d Dept 1931], affd 267 NY 565 [1935].)
Even if the crimes were committed by the defendant as a public employee (and, therefore, as a public servant) and not as an independent contractor, there appears to be no basis for concluding that they were committed while she was in any public office. Her position on the faculty does not constitute a public office and, accordingly, the extension allowed under CPL 30.10 (3) (b) does not apply. (People v Moffett, 2006 NY Slip Op 30160[U] [Suffolk County Ct 2006].) Therefore, count 2 of the indictment, which charged grand larceny, third degree, based on the false instruments which are the subject of counts 3 through 13, as well counts 3 through 13 themselves, must be dismissed as time-barred.
*215 Grand Jury Proceedings
The court has made an in camera inspection of the transcript of the grand jury’s proceedings. Nineteen members of the grand jury heard the presentation of evidence against the defendant. Competent evidence was presented that was sufficient to support each of the remaining charges in the indictment. The grand jury was properly instructed on the law and there is nothing in the record that would show any irregularities or defects in the proceedings that would render them “defective” within the meaning of Criminal Procedure Law § 210.35 (5).
Accordingly, it is ordered that the defendant’s motion to dismiss counts 2 through 13 inclusive of the indictment on the ground that prosecution thereof is time-barred is granted; and it is further ordered that the defendant’s motion to dismiss the remaining counts of the indictment and/or to reduce the charges therein be, and the same hereby is, denied.

. That proceeding, under section 75 of the Civil Service Law, has been settled by a stipulation dated June 3, 2015 in which the defendant has accepted a one-month suspension without pay.

. That term is defined in Penal Law § 10.00 (15) as “any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state.” Thus, a public employee, even if not a “public officer,” is a public servant.